# Court of Appeals of New York.

### March 7, 1899.

## PEOPLE v. THEODORE B. WILLIS.

**1. CRIMINAL LAW — CONSPIRACY.**

 A conspiracy by two or more persons for the perversion or obstruction of justice or of the due administration of the laws is indictable.

**2. SAME.**

 An agreement does not amount to a conspiracy, unless some act besides such agreement be done to effect the object thereof by one or more of the parties to such an agreement.

**3. INDICTMENT—SUFFICIENT.**

 An indictment is now good if it contains sufficient averments to inform the defendant of the nature of the accusation against him and enables him to prepare his defense, and when the record may be admitted as a bar to a second prosecution for the same offense.

**4. SAME.**

 An indictment is sufficient if it can be understood therefrom that the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case.

5. SAME.

No indictment is insufficient by reason of an imperfection in matter of form which does not tend to the perjudice of the substantial rights of the defendant. Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in the indictment.

6. SAME.

Inasmuch as the indictment for conspiracy would not be sufficient without alleging one or more overt acts in furtherance of the conspiracy, the general charge and the specific overt acts must be read together.

7. CRIMINAL LAW — CONSPIRACY.

The defendants cannot be convicted of conspiracy unless proof is given on the part of the People sufficient to establish to the satisfaction of the jury one or more of the specific overt acts charged.

8. SAME.

A public officer having charge of the disbursement of public money in a great city for public works, who enters into an agreement with a private party to the effect that he will violate the law and omit or neglect to interpose the legal safeguards which have been placed in his hands for the protection of the city and the contractors, in order to enable his co-conspirators to levy tribute upon the contractors, may be indicted for a conspiracy to pervert and obstruct the due administration of law.

APPEAL from a judgment reversing a judgment of the special term, sustaining a demurrer to the indictment.

Benjamin F. Tracy and John D. Lindsay, for appellants.

Hiram R. Steele, for the People.

O'BRIEN, J.—The questions in this case arise upon a demurrer by both defendants to the indictment, charging them with conspiracy, under section 168 of the Penal Code. The defendant Willis was during all the time specified in the indictment the commissioner of city works of the city of Brooklyn, and therefore a public officer, charged by law with important duties concerning the expenditure of money for public works. Various duties were imposed upon him by the city charter with respect to the awarding of contracts for work and materials, and in general he was the chief executive officer of the city with respect to all public works and improvements. The defendant Phillips was a private party, holding no office, public trust, or employment whatever. The indictment charges

that these two defendants, with divers other persons to the grand jury unknown, did unlawfully and corruptly by conspire, combine, and confederate together between themselves to commit acts for the perversion and obstruction of the due administration of the laws, in that they conspired and agreed among themselves that Phillips and the other persons should or would, during the period or term while the defendant Willis should act as commissioner of city works, demand, obtain, and receive money from persons then or thereafter contracting, or desiring or offering or intending to contract, for the performance of labor or the furnishing of materials for the city in and about its public works, and in cases falling within the scope of the powers and duties of the said commissioner. The indictment then avers that the part which Willis should play in this scheme was to willfully neglect, omit, and violate his duty as commissioner, and permit his subordinates to omit, neglect, and violate their duties in any particular in which such neglect, omission, or violation should appear to the conspirators to be effective in obtaining money from persons offering to contract with the city for labor or materials in order to aid, support, and render effective such demands for money, to be made by Phillips and divers other persons, to enable him and them to obtain the same.

The section of the Penal Code above referred to declares that a conspiracy by two or more persons for the perversion or obstruction of justice or of the due administration of the laws is indictable. It will be seen that the allegations of the indictment, so far referred to, are general, charging a conspiracy to be carried into effect by future action on the part of the conspirators and without stating the particular duties or the particular laws which the commissioner agreed to neglect or violate, or the particular contractors from whom money was to be obtained as the fruits of the conspiracy. These general averments are not sufficient to put the defendants upon trial, since by section 171 of the same Code it is provided that the agreement set out does not amount to a conspiracy, unless some act besides such agreement be done to effect the object thereof, by one or more of the parties to such an agreement. But the indictment, after these general averments, proceeds to state five specific overt acts

on the part of the defendants in furtherance of the conspiracy. Each of these overt acts distinctly specifies the time and place, the particular contract, and the particular contractor; and it is averred that Phillips, in pursuance of the conspiracy, demanded and received from each of the contractors certain sums of money, and that Willis, the commissioner, for a like purpose willfully neglected certain duties imposed by law upon him for the protection of the public interests in the awarding of such contracts, and that such neglect and omission of duty was for the purpose of furthering the conspiracy charged in general terms in the previous part of the indictment.

The principal, if not the only, question, involved in the appeal, is whether the indictment states a criminal offense, within the rules of pleading prescribed by sections 275 and 284 of the Code of Criminal Procedure. The contention on the part of the learned counsel for the appellants is that it does not, and various authorities have been cited in support of that contention. It should be observed that the many cases thus cited originated in jurisdictions where the strict rules of the common law with respect to criminal pleadings prevailed, or, at least, in jurisdictions where the more liberal rule enacted by statute in this state was not recognized. An indictment is now good if it contains sufficient averments to inform the defendant of the nature of the accusation against him, and enables him to prepare his defense, and when the record may be admitted as a bar to a second prosecution for the same offense. Pontius v. People, 82 N. Y. 339. We have recently had occasion to pass upon the sufficiency of an indictment for conspiracy that was much more imperfect in form and substance than the one contained in the record now before us. People v. Peckens, 153 N. Y. 576, 47 N. E. 883. It was there held that the old form of pleading in criminal actions had been abolished, and the rules by which the sufficiency of such pleadings is to be determined are those prescribed in the Code; that an indictment is sufficiant if it can be understood therefrom that the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; that no indictment is insufficient by reason of an im-

perfection in matter of form which does not tend to the preju-dice of the substantial rights of the defendant; that neither presumptions of law nor matters of which judicial notice is taken need be stated in the indictment.

The indictment in this case, when tested by these rules, does not seem to be open to any of the objections urged against it by the learned counsel for the defendants. It was not necessary to state the particular law or the particular statute which the commissioner agreed to violate or neglect, inasmuch as these duties are prescribed by the charter of the city, which is a public statute, of which the court must take judicial notice. The nature and purpose of the conspiracy is stated in terms sufficiently clear and specific to enable the defendants to prepare for trial, and the judgment rendered upon it would be a bar to another trial upon the same charge. Inasmuch as the indictment would not have been sufficient without alleging one or more overt acts in furtherance of the conspiracy, it must follow that the general charge and the specific overt acts must be read together; and, when so read, it is difficult to see why the defendants are not sufficiently apprised of the charge to enable them to prepare their defense. Section 398 of the Code of Criminal Procedure provides that, upon a trial for conspiracy, in a case where the overt acts are necessary to constitute the crime, the defendant cannot be convicted unless one or more of the overt acts be expressly alleged in the indictment, nor unless one or more of the acts alleged be proved. Hence it follows that in this case the defendants cannot be convicted unless proof is given on the part of the people sufficient to establish to the satisfaction of the jury one or more of the specific overt acts charged. These acts, as already observed, are stated in the indictment, with all the particulars of time and place, the name of the contractor upon whom tribute was to be levied by the conspirators, and even the purpose and nature of the contract which he was about to offer to the city or enter into with the commissioner. No one, I think, will deny that an agreement between a public officer having charge of the disbursement of public money in a great city for public works, who enters into an agreement with a private party to the effect that he will violate the law, and omit

or neglect to interpose the legal safeguards which have been placed in his hands for the protection of the city and the contractors, in order to enable his co-conspirators to levy tribute upon the contractor, may be indicted for a conspiracy to pervert and obstruct the due administration of law. That is the precise offense charged in the indictment now before us. When the general charge of conspiracy and the overt acts are read together, as they must be, the charge, in substance, is that the defendants conspired to levy tribute upon persons about to enter into contracts with the city for the performance of public work, or the furnishing of materials for that purpose ; and, since one or more of the specific acts alleged must be established by the people in order to secure a conviction, it is perfectly plain that the defendants are informed with respect to the particular contractor and the particular contract to which the proof must be directed. The question with respect to the sufficiency of this indictment has been very fully discussed in the courts below. The learned appellate division has shown quite clearly, as we think, that the indictment is not open to the objections made against it, and that it is sufficiently clear and specific to enable the defendants to prepare for trial.

The rules of criminal pleading have been so greatly modified and changed in this state by the enactment of the Code that it would be very difficult to give a sound or satisfactory reason for sustaining the demurrer. It is only necessary, as a general rule, to state in a brief and concise matter the facts constituting the offense, and it is not necessary in a criminal case any more than it is in a civil case to state the evidence of the facts. The charge may ordinarily be sustained by circumstantial evidence ; but it happens that, in certain indictments for conspiracy, one or more overt acts in furtherance of the conspiracy must be alleged. These overt acts, when proved, are evidence from which the main fact may be found or inferred ; and, unless in this case the people prove one or more of them to the satisfaction of the jury, the defendants must be acquitted. It is not necessary that the pleading be so specific as to inform the accused of the evidence to be produced against him. In some recent cases, facts and circumstances quite remote have been

admitted under an indictment containing only a general charge. People v. McKane, 143 N. Y. 455, 38 N. E. 950. We think the indictment is sufficient, and the objections raised by the demurrer not well taken. It follows from these views and those expressed in the opinion of the learned appellate division, in which we concur, that the order should be affirmed, with leave to the defendants to plead to the indictmennt.

BARTLETT, J. (dissenting).—The indictment charges the crime of conspiracy, and concededly must stand or fall without regard to the overt acts, constituting misdemeanors, therein pleaded, as they in no way limit the proof; for, if there were fifty such acts, one only need be alleged in order to show con-summation. The other forty-nine overt acts may be proved if the crime of conspiracy is properly pleaded. Code Cr. Proc § 398. If the object of an indictment is to clearly advise the defendant of the specific charge brought against him by stating the facts, so that he may be prepared on the day of trial to meet his accuser face to face, then it seems to me that the pleading now before us is utterly defective. It charges in substance only this : that the defendant Willis, who was the commissioner of city works of the city of Brooklyn, and the defendant Phillips, who was not a public officer, conspired between themselves and persons unknown to demand and receive money from persons then or thereafter contracting for the performance or furnishing to the city of Brooklyn labor or materials; and, to that end, Willis, as such commissioner, should and would willfully neg-lect, omit, and actively violate his duty in such manner as should appear to the conspirators to be effective. It is under such a general charge as this, naming no contractor or contract, setting up no facts, that these defendants and their counsel are to prepare for trial. To my mind it seems impossible to do so from anything appearing on the face of this indictment, and the defendants are liable to be seriously surprised at the trial.

The learned district attorney says in his brief that it must be observed that the conspiracy and agreement were general, and not confined to any particular contractor or class of work or material. The appellate division says : " In the nature of

things, the charge cannot be made any more definite than was the actual agreement of the conspirators. If the conspiracy was indefinite, the pleader cannot be called upon to state 'a definite conspiracy in order to make the indictment good. Particulars cannot be pleaded which did not enter into the agreement." These statements of the people's brief here, and the opinion below, condemn this indictment, under the well-settled principles of the common law regulating criminal pleading. If a conspiracy is so indefinite that no particular facts can be pleaded, it is a conspiracy that ought not to be the subject of an indictment until time and subsequent events shall have made it a conspiracy that the district attorney can plead in a manner that will give the defendants full knowledge of the facts to be proved against them at the trial. I think the judgment of the appellate division should be reversed, and that of the special term, sustaining the demurrer to the indictment, affirmed.

O'Brien, J., reads for affirmance.

Parker, C. J., and Gray, Haight, and Vann, JJ., concur.

Bartlett, J., reads for reversal, and Martin, J., concurs.

Judgment and order affirmed.