**362** · PEOPLE *v.* SPIRO.

Court of General Sessions, New York County, March, 1911. [Vol. 71.

set this indictment aside. Over zeal in honest endeavor some-times leads to as dangerous a practice as indolence from im-proper motives.

This indictment, therefore, is quashed and dismissed, with directions to the district attorney of Queens county to again submit this charge of perjury against Charles Bermel to another grand jury, before which the defendant shall not be summoned and examined.

Motion granted.

---

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACOB SPIRO and Others, Defendants.

(Court of General Sessions of The Peace, County of New York, March, 1911.)

Conspiracy — Criminal liability — Indictment — Sufficiency of the accusation.

An indictment which alleges the making by defendant S of a certain agreement for mutual aid and assistance whenever any of their number should be a defendant in a foreclosure action, in preventing personal service of the summons upon him and in hindering and obstructing the plaintiff in any such action in obtaining such judgment as he might be entitled to, sufficiently alleges a violation of section 580 (6) of the Penal Law which provides that " If two or more persons conspire * * * to commit any act for the * * * obstruction of justice, or the due administration of the laws, each of them is guilty of a misdemeanor."

DEMURRER to an indictment.

Taylor & Fatt (Isidore Fatt, of counsel), for defendant Spiro.

Charles S. Whitman, district attorney (Joseph Du Vivier, assistant district attorney, of counsel), for the People.

CRAIN, J. The defendant Spiro demurs to an indictment drawn for the purpose of charging him and his codefendants

with a violation of subdivision 6 of section 580 of the Penal Law. This enacts that " If two or more persons conspire * * * To commit any act * * * for the * * * obstruction of justice, or of the due administration of the laws, Each of them is guilty of a misdemeanor." He asserts by his demurrer that it appears upon the face of the indictment that the facts stated therein do not constitute a crime and that the indictment does not substantially conform to the requirements of sections 275, 276 and 278 of the Code of Criminal Procedure.

The indictment alleges that, on the 8th day of December, 1908, and at all the times therein mentioned, there were in the county of New York divers pieces of real property incumbered by and subject to the liens of certain mortgages theretofore executed thereupon; that on the date mentioned many of said mortgages were due and payable and many others about to become due and payable; that actions to foreclose many of such mortgages were then about to be commenced; that on the date mentioned, the defendants, naming them, well knowing the premises, " did unlawfully, * * * conspire, * * * illegally and fraudulently, for their own profit and gain, whenever thereafter an action should be commenced to foreclose a mortgage upon real property in the said county and it should appear to them practicable so to do, to prevent the personal service of the summons therein upon that defendant in such action who should be the owner of record of such real property, and to hinder and obstruct the plaintiffs in such actions and to delay them in obtaining such relief as they should be lawfully entitled to therein, by such dishonest, * * * means, * * * as they should thereafter deem available, to the great and manifest perversion and obstruction of justice and of the due administration of the laws."

The indictment then alleges, in substance, that certain of the defendants, naming them, " in pursuance and furtherance of and according to the said conspiracy, * * * and to effect the purposes thereof," procured certain persons, in the indictment named, to convey to certain of the defendants, in the indictment named, certain pieces of real

Court of General Sessions, New York County, March, 1911. [Vol. 71.

property, in the indictment described, incumbered by certain mortgages about to be foreclosed, and that the deeds conveying such several pieces of property were recorded in the register's office of the county of New York at the instance of the defendants.

Thus it will be seen that the indictment alleges the making by Spiro and his codefendants of a certain agreement and the doing by them of certain acts to effect the object of such agreement. The indictment is sufficient if from its allegations it appears that the agreement as therein alleged was one to do an act unlawful, either as a means or as an end, and that some overt act was done by one or more of the defendants to effect the object of such agreement.

The agreement, as alleged in the indictment, was not merely for conformity or similarity of conduct on the part of the defendants. Their agreement, as so alleged, was for mutual aid and assistance, whenever any of their number should be a defendant in a foreclosure action, in preventing personal service of the summons therein on said defendant and in hindering and obstructing the plaintiff therein in obtaining such judgment as he might be entitled to.

The end or object of the agreement, as set forth in the indictment, was unlawful, in that by it, counter to public policy, each defendant bound himself to delay, hinder and obstruct contemplated litigation, regardless of whether he was or was not to become a party to the same. While it is true that obstruction to litigation is not *per se* unlawful, and that as a consequence a defendant in a foreclosure action, acting for his own profit and not the injury of another, may, without criminality, for the purpose of securing delay, so comport himself as to force the person suing him to use less speedy process and to proceed by less expeditious methods than such person otherwise might, it is against public policy and, therefore, unlawful for a person, as in the case at bar, about to become a party defendant to an action to obligate himself to third parties — that is to say, parties who will not be proper parties defendant in such action — to delay, hinder and obstruct the plaintiff therein. This is for the reason, among others, that public policy requires that the

course of litigation within legal limits shall rest in the free and uncontrolled will of the parties to the same.

Under the agreement, as set forth in the indictment, one of the defendants becoming a party defendant to the foreclosure action and *not* wishing to delay the same would find himself constrained to do so at the behest of persons not parties to the same (being the codefendants in the indictment), beause he had obligated himself to them in that behalf. While in reality such constraint would not exist, as such an agreement owing to public policy would be unenforceable at the instance of such parties, the fact that it was unenforceable as against public policy would result from the circumstance that it unlawfully tended to the obstruction of justice.

It is, perhaps, also true that the indictment sufficiently alleges the illegality of the means agreed to be used by the defendants to sustain it under the authority of People v. Willis, 158 N. Y. 392.

It follows that, as the indictment sets forth an agreement having an unlawful end or object, to wit, one made criminal by subdivision 6 of section 580 of the Penal Law, it is sufficient and the demurrer must be disallowed.

*Demurrer overruled.*