THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
MARIE WILLIAMS, Respondent.

Crimes — disorderly house — sufficiency of indictment —
demurrer thereto on ground it charged two crimes properly
overruled.

1. The purpose of an indictment is to identify the charge against
a defendant so that his conviction or acquittal may prevent a sub-
sequent charge for the same offense and also to notify him of the
nature and character of the crime charged against him to the end that
he may prepare a defense.

2. An indictment, therefore, charging in its first count that at a
certain date, in a certain town in a certain county and continously
thereafter, defendant kept and maintained "a certain disorderly house,"
and by its second count that the defendant at the same time, in the
same town, and in the same county, kept and maintained " a certain
house of prostitution," is sufficient, and a demurrer thereto on the
ground that it charged two crimes was properly overruled.  The fact
that the words " said " or " aforesaid " or " referred to " were not
used in the second count of the indictment obviously could not have
affected any substantial right of the defendant or misled her as to
whether the house mentioned in the second count was the same one
mentioned in the first.

*People* v. *Williams*, 213 App. Div. 571, reversed.

(Argued June 8, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered July 16, 1925, which reversed a judgment of the
Orange County Court rendered upon a verdict convict-
ing the defendant of the crime of keeping a disorderly
house and maintaining a public nuisance, dismissed the
indictment and discharged the defendant.

*Elmer H. Lemon* for appellant.  The indictment suffi-
ciently complied with the requirements of the Code of
Criminal Procedure.  (Code Crim. Pro. §§ 275, 278,
279, 284, 285; Wharton on Crim. Proc. [10th ed.]
§ 32; *State* v. *La Rue*, 128 S. E. Rep. 116; *State* v.
*Haskins*, 115 S. E. Rep. 720; *People* v. *Rose*, 4 N. Y.

Supp. 787; *People* v. *Rose*, 15 N. Y. Supp. 815; *People* v. *Hatter*, 22 N. Y. Supp. 688; *State* v. *Vaughn*, 117 S. E. Rep. 127.)

*Henry Hirschberg* for respondent. The order of the Appellate Division sustaining the demurrer should be affirmed. (*People* v. *Harmon*, 49 Hun, 558; 112 N. Y. 667; *People* v. *Dunn*, 90 N. Y. 104; *People* v. *Costello*, 1 Den. 83; *People* v. *O'Donnell*, 46 Hun, 358; Code Crim. Pro. §§ 278, 279; *People* v. *Goldner*, 70 Misc. Rep. 199; *People* v. *May*, 179 App. Div. 290; *People* v. *Werber*, 27 Hun, 311.)

McLAUGHLIN, J. In February, 1925, the defendant was indicted. The indictment contained two counts. The first count charged that on the 26th of September, 1924, at the town of Highlands in the county of Orange and continuously thereafter, defendant kept and maintained " a certain disorderly house." The second count charged that the defendant at the same time, in the same town, and in the same county, kept and maintained " a certain house of prostitution."

At the opening of the trial defendant demurred to the indictment upon the ground that the same charged two crimes. The demurrer was overruled and the trial proceeded and resulted in a verdict of guilty on both counts of the indictment. She was thereupon sentenced to serve six months in the county jail of Orange county and to pay a fine of $200. From the judgment of conviction and the order overruling the demurrer an appeal was taken to the Appellate Division, which reversed the judgment of conviction and the order overruling the demurrer, sustained the demurrer, and dismissed the indictment. The People appeal. (Code Crim. Pro. sec. 519.)

The Code of Criminal Procedure provides what an indictment shall contain. Among other things, it must contain a plain and concise statement of the facts con-

stituting the crime, without unnecessary repetition. (Code Crim. Pro. sec. 275.) It must charge but one crime and in one form, except where the crime may have been committed by different means. (Id. 278.) The crime charged may be in separate counts if it be stated that the same was committed in a different manner or by a different means. (Id. 279.)

The Appellate Division held that the indictment was bad because it charged two separate and distinct crimes. In other words, it held that because in the second count of the indictment some word or words were not used to indicate that the house there referred to was the same house referred to in the first count two different and separate crimes were charged. In the opinion delivered it indicated that if the same house was referred to in each count, then any doubt on the subject could have been obviated by using the words " said " or " aforesaid " or " referred to " immediately preceding the word " house " in the second count; that in the absence of words of this character it could not be presumed that the same house was referred to in each count.

We are of the opinion that this is too narrow and technical a construction. We have long since passed the time when an indictment is to be adjudged defective because the words " said " or " aforesaid " or " referred to " are not used. It is true that there are decisions to the effect that under the strict and technical rules of the common law this indictment might be regarded as bad, but under the liberal procedure established by the Code of Criminal Procedure we find the indictment good. Under the present practice an indictment is considered good if the act or acts charged as a crime are plainly and concisely set forth with such a degree of certainty as to enable the court to pronounce judgment according to the justice of the case without regard to technical errors or defects which do not affect the substantial rights of the parties. (Code Crim. Pro. sec. 542.) An

indictment is not considered insufficient by reason of any imperfection in matters of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (*People* v. *Helmer*, 154 N. Y. 596, p. 600; *People* v. *Willis*, 158 N. Y. 392, p. 396.) Nor does an error or mistake in an indictment render it invalid unless such error or mistake actually prejudices or tends to prejudice a substantial right of the defendant. (Code Crim. Pro. secs. 284, 285, 684.) The purpose of an indictment is to identify the charge against a defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense and also to notify him of the nature and character of the crime charged against him to the end that he may prepare a defense.

Tested by this rule, we are of the opinion that the indictment was sufficient. The fact that the words " said " or " aforesaid " or " referred to " were not used in the second count of the indictment obviously could not have affected any substantial right of the defendant or misled her in any way. If she had any doubt whatever as to whether the house mentioned in the second count was the same one mentioned in the first count, that doubt could have been easily removed by a motion for a bill of particulars. (*People* v. *Weiss*, 158 App. Div. 235, p. 238.) But the defendant was not and could not have been misled. It will be observed that in each count the crime charged is alleged to have been committed by the same person, at the same time, in the same town, and in the same county. (*People* v. *Fanshawe*, 65 Hun, 77; affd., 137 N. Y. 68; *People* v. *Callahan*, 29 Hun, 580; *People* v. *Thompson*, 28 Cal. 215.)

The judgment of the Appellate Division should, therefore, be reversed, and that of the County Court affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.