THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOHN FARSON, Appellant.

Statutory crimes — manipulation of prices of securities — indictment — validity of indictment not affected by words which may be rejected as surplusage — test of sufficiency — indictment charging continuing offense — demurrer thereto on ground of insufficient identification of the acts relied on properly overruled — function of bill of particulars to indicate particular transactions.

1. The validity of an indictment is not affected by the words " and by divers other fictitious transactions and devices a more particular description of which is to the grand jury aforesaid unknown." They are uncertain but may be rejected as surplusage.

2. An indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case. In applying the test of sufficiency, the indictment should be liberally construed and an objection thereto rejected if technical or impracticable.

3. In drafting an indictment it is sufficient to follow the statutory language it if contains all that is essential to constitute the crime and

apprise the accused of the nature of the crime charged. But where analogous offenses at common law require more particular allegations or where such language would not fairly inform the accused of the nature of the charge preferred against him, the act charged must be defined with greater particularity.

4. An indictment charging defendant with the crime of manipulation of prices of securities (Penal Law, § 953) and alleging that defendant in the city of New York, between stated dates, feloniously inflated and attempted to inflate the market price of the stock of a named corporation, by means of pretended purchases and sales of such stock for and on account of the said defendant, whereby neither in whole nor in part was a simultaneous change of ownership of or interest in such stocks effected, sufficiently sets forth the statutory offense and a demurrer thereto, on the ground of insufficient identification of the pretended purchases and sales relied on, is properly overruled. It is the function of a bill of particulars rather than the indictment to indicate the particular transactions.

*People* v. *Farson*, 218 App. Div. 488, affirmed.

(Argued January 24, 1927; decided February 23, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1926, which reversed an order of the Court of General Sessions of the county of New York sustaining a demurrer to the indictment and overruled such demurrer.

*Robert S. Johnstone, Charles Albert Perkins* and *Saul S. Myers* for appellant. The indictment does not contain a plain and concise statement of the act constituting the crime. (*People* v. *Hoyt*, 145 App. Div. 695; 205 N. Y. 533; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Peckens*, 153 N. Y. 576; *People* v. *Helmer*, 154 N. Y. 596; *People* v. *Willis*, 158 N. Y. 392; *People* v. *Klipfel*, 160 N. Y. 371; *People* v. *Kane*, 161 N. Y. 380; *People* v. *Corbalis*, 178 N. Y. 516; *Pettibone* v. *United States*, 148 U. S. 197; *United States* v. *Carll*, 105 U. S. 611; *United States* v. *Cruikshank*, 92 U. S. 542; *Armour Packing Co.* v. *United States*, 209 U. S. 56.)

*Joab H. Banton*, District Attorney (*Robert C. Taylor* of counsel), for respondent. The demurrer upon the

ground that the indictment did not conform to sections 275 and 276 of the Code of Criminal Procedure, as it did not contain a plain and concise statement of the act constituting the crime; that it charged more than one crime in violation of sections 278 and 279; and that the facts stated did not constitute a crime was properly overruled. (*People* v. *Seldner*, 62 App. Div. 357; *People* v. *Bush*, 4 Hill, 133; *People* v. *Farrell*, 28 N. Y. St. Repr. 43; *People* v. *Dorthy*, 20 App. Div. 308.)

POUND, J.　Penal Law, § 953, reads as follows:

" Manipulation of prices of securities.

" Any person, who inflates, depresses, or causes fluctuations in, or attempts to inflate, depress or cause fluctuations in, or combines or conspires with any other person or persons to inflate, depress or cause fluctuations in, the market prices of the stocks, bonds or other evidences of debt of a corporation, company or association, or of an issue or any part of an issue of the stock, bonds or evidences of debt of a corporation, company or association, by means of pretended purchases and sales thereof, or by any other fictitious transactions or devices, for or on account of such person or of any other person, or for or on account of the persons so combining or conspiring, whereby either in whole or in part a simultaneous change of ownership of or interest in such stocks, bonds or evidences of debt, or of such issue or part of an issue thereof, is not effected, is guilty of a felony, punishable by a fine of not more than five thousand dollars or by imprisonment for not more than two years, or by both.

" A pretended purchase or sale of any such stocks, bonds or other evidences of debt whereby, in whole or in part, no simultaneous change of ownership or interest therein is effected, shall be *prima facie* evidence of the violation of this section by the person or persons taking part in the transaction of such pretended purchase or sale."

Defendant was indicted for a violation of this section.

The indictment charges defendant with the crime of manipulation of prices of securities and alleges that such crime was committed as follows:

" The said defendant in the City and County of New York, on and from the 29th day of April, 1919, and thence to and including the 17th day of July, 1919, feloniously did inflate and attempt to inflate the market price of the stock of a certain corporation, company and association called Hercules Petroleum Company, by means of pretended purchases and sales of such stock and by divers other fictitious transactions and devices, a more particular description of which is to the Grand Jury aforesaid unknown, for and on account of the said defendant, whereby neither in whole nor in part was a simultaneous change of ownership of or interest in such stocks effected, as he, the said defendant, then and there well knew."

Defendant demurred to the indictment on the grounds: (1) That it does not contain a plain and concise statement of the act constituting the crime, as required by Code Criminal Procedure (§§ 275–276); (2) that it charges more than one crime; (3) that the facts stated do not constitute a crime. The Trial Term sustained the demurrer but the Appellate Division overruled it.

At the beginning we may reject as surplusage the words: " and by divers other fictitious transactions and devices, a more particular description of which is to the Grand Jury aforesaid unknown." They are clearly too uncertain in failing to state what such fictitious transactions and devices were. The validity of the indictment is not affected thereby. (*Lohman* v. *People*, 1 N. Y. 379; *Commonwealth* v. *Bolkom*, 3 Pick. 280.)

Defendant contends that the act constituting the crime is not sufficiently stated by the allegations that on and between certain dates defendant feloniously inflated and attempted to inflate the market price of the stock of a certain corporation by means of pretended

purchases and sales of such stock for and on account of defendant whereby neither in whole or in part was a simultaneous change of ownership of or interest in such stocks effected; that the indictment should contain averments to identify the particular pretended purchases and sales relied on to sustain the charge and state the specific acts which constituted them, such as from whom the purchases were made and to whom the sales were made. The People contend that the indictment states all the circumstances which constitute the definition of the offense in the statute itself, and more, so that the accused is brought precisely within it and that no other description of the way in which the offense was committed is necessary. (*Phelps* v. *People,* 72 N. Y. 334, 349; *People* v. *Weldon,* 111 N. Y. 569; *People* v. *Willis,* 158 N. Y. 392, 393.)

In drafting an indictment it is sufficient to follow the statutory language if it contains all that is essential to constitute the crime and apprise the accused of the nature of the crime charged. But where analogous offenses at common law require more particular allegations or where such language would not fairly inform the accused of the nature of the charge preferred against him, the act charged must be defined with greater particularity. (*Jelke* v. *U. S.,* 255 Fed. Rep. 264, 274, 275.) In applying this test we are to construe the indictment liberally and reject the objection if it is technical or impracticable. The indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case. (Code Crim. Pro. §§ 284, 285; *People* v. *Williams,* 243 N. Y. 162.)

27

Starting with these fundamental rules we are met with much difficulty in their practical application. A wealth of authority is to be found in the books both for and against the sufficiency of indictments challenged for lack of definiteness. (31 C. J. 714–720.) They are helpful but by no means controlling. No accumulation of such decisions will sustain this indictment nor condemn it. Illegal sales of liquor may be charged without naming the persons to whom the sales were made. (*People* v. *Seeley,* 105 App. Div. 149; 183 N. Y. 544.) But CULLEN, J., in *People* v. *Corbalis* (178 N. Y. 516), which was a peculiar case under a peculiar statute, said that a charge of pool-selling should name the person to whom the sale had been made to identify the occurrence and enable the defendant properly to meet the charge, although an allegation of sales to persons unknown would be sufficient. PARKER, Ch. J., in the same case took the view which CULLEN, J., rejected that a charge of poolselling must state how the crime was committed, whether by placing a wager, maintaining a building or by some other act included in the statutory definition of poolselling. CULLEN, J., said that there is only one way of engaging in poolselling and that is by selling pools. In *People* v. *Devinny* (227 N. Y. 397) HISCOCK, Ch. J., following CULLEN, J., in the *Corbalis* case, asserted that in charging the illegal practice of medicine, the language of the New York statute precluded the application of the rule that a general description is enough where the crime consists of a series of continuous acts grouped together, such as keeping a disorderly house. (*King* v. *People,* 83 N. Y. 587.) He wrote that the law requires that the person treated for disease should be named in the indictment. Three of the judges dissented. The same difference of opinion is constantly recurring as in the opinions of the courts below in this case.

Here we have a crime known as " manipulation of prices of securities." It consists *inter alia* in inflating or attempting to inflate the market price of stocks. The

act constituting the crime, *i. e.*, the manner and means by which the crime is committed, is stated to be the pretended purchases and sales of stocks whereby in whole or in part a simultaneous change of ownership in such stocks is not effected. We also have the name of the stock dealt in and the charge that the crime was committed in the manner indicated at a certain place and on and between certain dates and that the pretended purchases and sales were for and on account of the defendant. The crime might be committed by a single transaction as words in the plural include the singular (General Construction Law, § 35; Cons. Laws, ch. 22), but it is here charged as a series of acts, a number of pretended purchases and sales, on and from April 29 to and including July 17, 1919, the combined effect of which may have been necessary to constitute the inflation of prices charged. What more does the defendant require? It is imagined that he might have engaged in many transactions in Hercules Petroleum Company stock during the period in question, and that he must know exactly what sales the People intend to rely on as pretended in order to prepare his defense. But he knows that they are to rely on some purchases and sales of the stock named during the period mentioned and it is the function of a bill of particulars rather than the indictment to indicate the particular transactions. (*People* v. *Williams, supra.*) After conviction or acquittal on this charge, he may not again be tried for any pretended sales or purchases of the stock in question between the dates mentioned. A plea of former judgment of conviction or acquittal of the crime charged would be sustained. (Code Crim. Pro. § 332.) The principle is well settled that an acquittal or a conviction upon a charge that a continuing offense has been committed during a specified time will be a bar to another prosecution for a like offense for another specified time which includes any part of the time named in the first charge. (*Commonwealth* v. *Peretz,* 212 Mass. 253, 254.)

All the special or particular means employed in the

commission of the offense need not be set out in the indictment. (*Burton* v. *U. S.*, 202 U. S. 344, 372.) The crime is sufficiently identified (*People* v. *West*, 106 N. Y. 293) and the further particulars constituting the offense are matters of evidence which need not be set forth. (*People* v. *Knapp*, 206 N. Y. 373, 384.)

An analogy is sought between the crime charged and the crime of obtaining property by false pretenses, where the indictment must state what the false pretenses were. (*People* v. *Blanchard*, 90 N. Y. 314, 319.) Such analogies, although many may be found, are mostly illusory. The same historic reasons which require the false pretenses to be stated permit a common-law indictment for larceny in the words " steal, take and carry away " to be supported by proof of larceny by trick or device. (*People* v. *Miller*, 169 N. Y. 339.) Furthermore false pretenses is the gist of the offense charged while here the offense is the manipulation of the stock market. In cases of murder in the first degree an indictment charging that defendant " willfully, feloniously and of malice aforethought shot and killed A. B. with a revolver " has been held sufficient to cover a charge of felony homicide. (*People* v. *Nichols*, 230 N. Y. 221.) General terms of law having a common-law significance seldom particularize the act charged. They have obtained a meaning sanctified by age.

We are not bound by precedent in determining what is a good indictment under Penal Law, section 953, for there are no precedents. We seek a guiding principle. We should not start with narrow and technical objections as to form. (Code Crim. Pro. § 285; *People* v. *Spiegel*, 143 N. Y. 107, 111.) The statutory offense is sufficiently set forth and the demurrer was properly overruled.

The order should be affirmed.

CARDOZO, Ch. J., CRANE and ANDREWS, JJ., concur; LEHMAN and KELLOGG, JJ., dissent.

Order affirmed.