The People of the State of New York, Respondent, v. Richard Scobie, Jr., Appellant. The People of the State of New York, Respondent, v. Mack L. Falk, Appellant. The People of the State of New York, Respondent, v. Thomas Ferlazo, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting defendants of a violation of section 580 of the Penal Law (conspiracy) and order denying motion for a new trial affirmed. The guilt of the defendants is overwhelmingly established. An information charging a violation of section 580 of the Penal Law (conspiracy) by mere reference to that section is sufficient. (People v. Bogdanoff, 254 N. Y. 16.) The requirement of section 398 of the Code of Criminal Procedure respecting the allegation of overt acts has been met, although quite ineptly. The use of the words " overt acts " is not indispensable, although they should be used. It is sufficient if overt acts are in fact alleged. Here they are alleged following the words " to wit." The language specifying the acts, in part, happens to be the same as that contained in section 986 of the Penal Law relating to bookmaking, the violation of which is not charged in this information. The sameness of the language, however, does not cause it to cease to constitute allegations of facts, which facts or enumerated acts, with reference to which defendants conspired, are alleged to have occurred in Queens county " at a place other than a race track." (1 Russell on Crimes [7th Eng. ed.], p. 181.) A bill of particulars was available to the defendants to make the allegations of fact more specific. Lazansky, P. J., Carswell and Adel, JJ., concur. Hagarty, J. (dissent-

ing): I dissent and vote to reverse the judgment of conviction of the crime of conspiracy and to dismiss the information and the appeal from the order denying a motion for a new trial. The information fails to set forth one or more overt acts, as required by section 583 of the Penal Law when read in conjunction with section 398 of the Code of Criminal Procedure. (See *People* v. *Willis*, 158 N. Y. 392; *People* v. *Tavormina*, 257 id. 84.) This information makes no attempt to set forth overt acts, as the language following the words " to wit " simply details the nature of the crime the defendants are alleged to have conspired to commit, as distinguished from acts done in furtherance of the unlawful agreement. Johnston, J., concurs with Hagarty, J.