Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law, unanimously affirmed. The evidence is sufficient to sustain the finding, implicit in the judgment, that there was a collision between an automobile operated by appellant and an automobile owned by the complaining witness, on the date mentioned in the information, and that appellant, knowing that damage had been caused to the latter motor vehicle, due to his culpability or to accident, left the place where the damage occurred without stopping, exhibiting his license and giving to the complaining witness, who was present, the information required to be given by subdivision 5-a of section 70 of the Vehicle and Traffic Law. The evidence also establishes that immediately after the accident appellant proceeded to the 104th Precinct Police Station and there reported that he had been involved in a collision on the occasion in question. While the violation of the statute appeal's to have been technical in nature, and was possibly induced by a misunderstanding of the law, the facts presumably found by the trial court, as heretofore stated, require an affirmance of the judgment. In our opinion the information was sufficient. (People v. Farson, 244 N. Y. 413; People v. Williams, 243 N. Y. 162; Code Grim. Pro., § 285.) The failure to allege that defendant knew that the damage had been caused by his culpability, or by accident, could not have prejudiced any substantial right of the defendant and, in any event, no question was raised as to such insufficiency in the court below. (Cf. People V. Wiechers, 179 N. Y. 459; People ex rel. Dinsmore v. Keeper of Erie Co. Penitentiary, 125 App. Div. 137.) Present — Nolan, P. J., Carswell, Adel, Wenzel and MaeCrate, JJ.