THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CARLTON CADLE AND JACK ABRAMS, Respondents.

County Court, Monroe County, February 15, 1952.

*Clarence J. Henry, District Attorney (Harry L. Rosenthal* of counsel), for appellant.

*John P. Lomenzo* for respondents.

O'MARA, J.  On April 24, 1951, the defendants were charged in the Criminal Branch of the City Court of Rochester with having violated the provisions of section 1376 of the Penal Law of the State of New York in that they offered property for disposal dependent upon the drawing of a lottery.  Under date of May 4, 1951, the same defendants were charged with a violation of subdivision 1 of section 580 of the Penal Law of this State in that they conspired to commit a crime.  The defendants moved to dismiss the charges upon the ground that the filed informations were legally insufficient in that from the facts alleged in the said informations the essential element to constitute a lottery namely, '' consideration '', was lacking. The motions to dismiss the informations were granted and the People have appealed from the said orders of dismissal.

It is the established law of this State that an information charging the commission of a crime in a Court of Special Sessions must set out the acts constituting the crime with the same clarity as an indictment; it must state the crime and the acts constituting the crime.  (*People* v. *Grogan,* 260 N. Y. 138.) The information is considered legally sufficient if it can be understood therefrom that the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; that no information is insufficient by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant. (*People* v. *Willis,* 158 N. Y. 392.)

It appears from the record on appeal as well as from the arguments presented that the underlying reason for the dismissal of the informations was that one of the essential elements which goes to make up a game of chance, namely, " consideration ", was not sufficiently set forth in the informations. It can be generally stated that the three essential elements which go to make up a game of chance or a lottery, as defined by section 1370 of the Penal Law are (1) consideration; (2) chance; (3) prize. It is the contention of the defendants that it being possible for persons to participate in the claimed violations of law as set forth in each of the informations without any consideration, the informations were legally insufficient in view of the four to three affirmance without opinion in the case of *People* v. *Shafer* (273 N. Y. 475).

I have read with considerable care the facts set forth in both informations and I have been unable to find only by inference the fact that persons participated in the claimed violations without the exchange of any consideration for the right to play in the game referred to as " Bingo ".

In the information charging a violation of section 1376 of the Penal Law the following statement appears: " Abrams collected $1.00 from each person desiring to sit at table and play Bingo." From this one statement the fact has apparently been inferred that there were persons who " stood " and participated in the game without any consideration being passed to the defendants. Likewise in the information charging a violation of subdivision 1 of section 580 of the Penal Law, the only facts upon which one could possibly sustain a finding that persons participated in the game without consideration are contained in the following words, " Deponent found about 100 persons sitting in chairs at tables in the room there with Bingo cards in front of them, and others standing with similar Bingo cards " and " that anyone wishing to play Bingo in the hall had to stand unless they paid him $1.00 for a chair on which to sit." Neither of the informations set forth in plain language that those who " stood " paid nothing for their chance to participate in the game and it is not believed in passing upon the legal sufficiency of an information that the court should anticipate the facts that may be developed as the result of a trial. Surely one can draw the inference, especially from the language used in the information charging a conspiracy, that the element of " consideration " was lacking as regards the persons who participated in the game while standing but it is not believed that the court has any legal right to

indulge in inferences that may be drawn from an otherwise sufficient information. If the true facts are otherwise than as stated in the informations, those facts will be developed during the course of a trial and the court will then be in a position to determine as to whether the crimes charged have been committed.

There are certain statements contained in the record on appeal which do not appear to be substantiated from the facts set forth in either of the informations. One of the statements is as follows: '' Further, that there were patrons participating in a Bingo game who didn't pay for the privilege of playing Bingo,'' and '' attached to the information is a supporting affidavit signed by Eileen McGarrity that she played Bingo without paying for the privilege of playing Bingo.'' Neither of these statements appears to be alleged in either information and it was upon the existence of these facts that the informations were apparently dismissed.

It is argued in behalf of the defendants that it is not legally possible for the People to charge a person with the commission of a crime as in this case a violation of section 1376 of the Penal Law and at the same time to charge a conspiracy to commit the crime alleged to have been committed. The informations in question set forth separate and distinct criminal violations and in view of that fact it is within the province of the prosecution to determine as to whether it desires to prosecute either or both of the claimed violations. A conspiracy to commit a crime constitutes an independent crime, distinct from the crime contemplated and complete in itself. It consists of a series of acts which constitute the crime, and under such circumstances the facts that the information alleges overt acts constituting a crime, or that the evidence upon a trial discloses that the conspiracy was executed by the commission of a crime, will not prevent a conviction for the c ime of conspiracy. The crime of conspiracy does not merge even though the conspiring crime has been consummated. (*People* v. *Tavormina*, 257 N. Y. 84.)

It is contended further that the information charging '' conspiracy '' is defective for the reason that the sections of the Penal Law which the defendants are alleged to have conspired to violate are not mentioned by number. This is quite true. But the content of the sections conspired against is clearly understandable from the facts set forth in the information. The facts alleged in the information would sustain a conspiracy to commit a violation of either one or all of sections 974, 1372,

or 1376 of the Penal Law and it is not necessary that the said sections be mentioned by number in the information. (*People* v. *Hines,* 168 Misc. 453.)

The name given to a claimed lottery is of no significance as appears from the definition of a lottery as set forth in section 1370 of the Penal Law. By that section a lottery is defined as follows: " A ' lottery ' is a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether called a lottery, raffle, or gift enterprise or *by some other name* " (emphasis mine).

In connection with the definition of a " lottery " it has been said " no sooner is it defined by a court than ingenuity evolves some scheme within the mischief discussed but not quite within the letter of the definition given ". Our Legislature cannot be expected to enact amendments to our lottery laws each and every time a new and novel scheme is placed in operation. The hope is that the said scheme will not come within the condemnation of our lottery statutes. It strikes me from the facts set forth in the informations in question, coupled with the facts that are supposed to exist, that we are dealing exactly with such a scheme.

Having come to the conclusion that the informations are legally sufficient it becomes unnecessary to determine as to whether they would be legally sufficient assuming that they contained facts indicating that it was possible for persons to participate in the game without consideration. It is believed, however, that something should be said for the information of the trial court, in the event a trial is had, on the question presented. I am firmly convinced that the facts in the cases now under consideration are clearly distinguishable from the facts in the *Shafer* case (*supra*) upon which the defendants rely. In the *Shafer* case the defendant operated a theatre and patrons paid a regular admission fee for the purpose of entertainment; the claimed lottery was incidental to the operation of the theatre. In the cases presently under consideration, there was no admission fee for entertainment of any kind and the sole purpose of those in attendance was to play the game of bingo. I would therefore come to the same conclusion with reference to the sufficiency of the informations even though it appeared from their context that it was possible for persons to participate in the game without the payment of any consideration.

The orders appealed from are reversed and the cases are directed to be placed upon the calendar of the Criminal Branch of the City Court of Rochester on February 25, 1952, for further disposition.

Submit order accordingly.