28 N.Y.2d 964 (1971)
The People of the State of New York, Respondent,
v.
Ralph Saft, Appellant, et al., Defendant.
Court of Appeals of the State of New York.
Submitted February 18, 1971.
Decided May 26, 1971.
Frank G. Raichle, Ralph L. Halpern and R. William Stephens for appellant.
Michael F. Dillon, District Attorney, (Peter J. Notaro and Judith Blake Manzella of counsel), for respondent.
Concur: Judges BURKE, SCILEPPI, BREITEL, JASEN and GIBSON. Judge BERGAN dissents and votes to reverse in the following opinion in which Chief Judge FULD concurs.
Order affirmed on the opinion at the Appellate Division.
BERGAN, J. (dissenting).
Two different criminal conspiracies are attributed to appellant by the indictments here under consideration. The conspiracies are not described, either as to what was intended, or as to purpose, except there was agreement to violate certain enumerated statutes.
This is not good pleading. A man accused of crime is entitled, as a matter of procedural due process, to be informed in the indictment what it is he is charged with doing. The statute is specific on this. There must be a plain statement "of the act constituting the crime" (Code Crim. Pro., § 275, subd. 2; cf. § 284, subd. 6).
These are not short-form indictments supplemented by bills of particulars as required by the practice, in which the acts constituting the crime must be specified (cf. People v. Bogdanoff, 254 N.Y. 16). They are long-form indictments which must plead the act charged.
A number of "overt acts" are pleaded which the court seems to accept as a sufficient substitute for describing what the conspiracies were. Each allegation is preceded by the phrase "pursuant to said conspiracy"  but what the conspiracies were is not stated in the pleadings. A specific unlawful agreement is the offense, and not the overt acts to carry it out.
*967 This difference is fundamental and should be reflected in the form in which indictments are presented.
The leading case on pleading conspiracy in this country is United States v. Britton (108 U. S. 199, opn. by WOODS, J.). On the basis of English and other authorities the court stated: "The offence charged in the counts of this indictment is a conspiracy. This offence does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus penitentiae, so that before the act done either one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute. It follows as a rule of criminal pleading that in an indictment for conspiracy under section 5440, the conspiracy must be sufficiently charged, and that it cannot be aided by the averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy. Reg. v. King, 7 Q. B. 782; Commonwealth v. Shedd, 7 Cush. 514." (Pp. 204-205.)
On an analysis of most of the American cases the conclusion is reached: "it is generally held that an illegal combination imperfectly and insufficiently charged in the indictment will not be aided by averments of overt acts done in pursuance of it. The fact that, by statute, an overt act is made necessary to the completion of the offense does not in any way affect the operation of the rule, the gist of the offense being the conspiracy, notwithstanding the fact that an overt act is necessary to complete the offense" (15A C. J. S., Conspiracy, § 82, p. 846).
This court has stated the New York rule to be that "[t]he gist of the crime of conspiracy consists in a corrupt agreement between two or more individuals to do an unlawful act" (People v. Flack, 125 N.Y. 324, 332).
As Judge ANDREWS noted in Flack, there must be "both" an agreement "and" an overt act "to effect" the object (p. 333). This is just what is not pleaded here.
The respondent cites People v. Willis (158 N.Y. 392) to hold these indictments good. But differences in the majority and dissenting opinions there make it difficult to see just what the court had before it. For the majority Judge O'BRIEN observed that the indictment "would not have been sufficient without *968 alleging one or more overt acts" (p. 397), and Judge BARTLETT, dissenting, observed that "concededly" the indictment "must stand or fall without regard to the overt acts" (p. 399). To determine just what that case stands for, then, it is necessary to look at the indictment itself in the Willis record.
The conspiracy charged there was that Willis, a city works commissioner in Brooklyn, agreed with another named person to obtain money from contractors and others contracting or offering labor and materials by neglecting his duty as commissioner in such a way that money could be obtained. This charge states acts of public corruption. It was followed by pleading five overt acts. (Record on Appeal, 1899, Jan.-Feb., pp. 1-7.) This is a far cry from the indictments now before the court.
Not only is it a basic concept of fair play and procedural due process that a man accused of a crime should have a plain statement of what the offense is, so he can prepare for trial (People v. McGuire, 5 N Y 2d 523, 526), but it is essential also that the judgment of conviction or acquittal settle that controversy for good so there can not be a new prosecution for the same offense.
Unless the offense is plainly described, the judgment is not definite and affords no certainty against double jeopardy (see People v. Williams, 243 N.Y. 162; People v. Farson, 244 N.Y. 413). Decision on one or a group of overt acts settles nothing as to the conspiracy itself, for they hang in the air without the plan and the purpose.
Nothing could illustrate the absence of procedural due process in this case better than comparing the two indictments here. Each says the same thing  that appellant conspired to violate the same five statutes with one of the indictments pleading an additional statute. Each indictment covers substantially the same period of time. It is not possible to say from the pleadings in this form whether a conviction or acquittal of one would be a bar to the other.
The order should be reversed and the order of the Erie County Court sustaining demurrers and allowing re-presentment to the Grand Jury should be reinstated.
Order affirmed, etc.