Jasen, J. (concurring).
I join in the court’s opinion, but, in doing so, I would add these few brief comments.
*196 This appeal, and People v. Outlaw (30 N Y 2d 661 [decided herewith]), require us to decide whether dismissal of an indictment is required by reason of the failure of the People to allege the tolling of the Statute of Limitations where the indictment shows that the period of the Statute of Limitations for the crimes charged has run. Pointing to no statute requiring such an allegation, the thrust of the defendant’s argument is that fairness in the accusatory process requires it.
The purpose of an indictment, it has been said, is to identify the charge against a defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense, and also to notify him of the nature and character of the crime charged against him to enable the defendant to prepare a defense. (People v. Armlin, 6 N Y 2d 231, 234; People v. Farson, 244 N. Y. 413, 417; People v. Williams, 243 N. Y. 162, 165; see, also, Russell v. United States, 369 U. S. 749, 763-764; Hagner v. United States, 285 U. S. 427, 431; 4 Wharton, Criminal Law and Procedure, § 1760 [R Anderson ed., 1957].)* To fulfill this function and to satisfy the requirement in section 275 of the Code of Criminal Procedure that the indictment contain 1 ‘ A plain and concise statement of the act constituting the crime ’ ’, an indictment must, therefore, not only charge the crime claimed to have been committed, but must also set forth the act constituting such crime. (See Code Crim. Pro., § 284.) A reading of the indictment in the instant case indicates that these fundamental requirements have been met. The indictment clearly designates the crimes charged, sets forth the date and place, where and when the acts constituting the crimes occurred and describes the criminal acts.
In view of the fact that no statute requires an allegation in the indictment as to the tolling of the Statute of Limitations, and the indictment at issue otherwise complies with all the statutory elements of a sufficient indictment, it is certainly reasonable that before the indictment is dismissed, the defendant should *197 show that he has been prejudiced by the failure to plead in the indictment the tolling of the Statute of Limitations. (Cf. People v. Bogdanoff, 254 N. Y. 16, 27; see Scott, Fairness in Accusation of Crime, 41 Minn. L. Rev. 509.) In the instant case, there is no suggestion in the record nor any intimation upon the appeal that the defendant was in any way prejudiced in preparation for his trial or otherwise by the failure of the People to make such an allegation. Indeed, a defendant will rarely be misled if such an allegation is not made. Consequently, the mere failure to allege in the indictment the facts relied upon to toll the Statute of Limitations, in the absence of prejudice to the defendant, should not be grounds for a dismissal of an indictment. (Cf. Blackman v. Commonwealth, 124 Pa. 578.)
To hold otherwise would, in my view, submerge justice and the sound administration of criminal law in the interest of the formalism of the proceedings, an approach our court rejected several decades ago. (See People v. Bogdanoff 254 N. Y. 16, supra; see, also, Smith v. United States, 360 U. S. 1, 9; CPL 200.70.) In terms of the protection of individual rights, it is meaningless to dismiss an indictment because the People have failed to allege in the indictment facts to toll the Statute of Limitations where no prejudice has been shown. ‘ ‘ Our decisions must appear to be rational, fair as well as practical ”, we said in People v. Kaye (25 N Y 2d 139, 145), “ if the courts are to retain the respect of the people * * * ‘ The concept of fairness must not be strained till it is narrowed to a filament.’ (Snyder v. Massachusetts, 291 U. S. 97,122.) ”
Since logic and reason support the view that it is unnecessary to plead facts showing that the statute has been tolled, the defendant’s contention to the contrary is without merit.

For a discussion of the policies underlying the Statute of Limitations, see United States v. Marion (404 U. S. 307); A. L. I. Model Penal Code, Tent. Draft No. 5 (April, 1956), pp. 16-17; 1946 Report of N. Y. Law Rev. Comm., pp. 105-117; Callahan, Statutes of Limitations — Background, 16 Ohio St. L. J. 130; Note, 102 U. Pa. L. Rev. 630.