# Court of Appeals.

January 9, 1900.

# PEOPLE v. KANE.

1. INDICTMENT—SUFFICIENCY.

To constitute an offense against section 1551 of Great New York charter, it must appear upon the face of the indictment what the contract was, and wherein the law was violated.

2. SAME.

That the defendant, while an officer of the city, rwarded the work of cleaning the receiving basins referred to at $4.75 each, without advertisement, without procuring sealed bids or proposals or otherwise inviting competition, and without a contract in writing with security for the faithful performance of such work, amounts only to a statement that the defendant contracted for the work of cleaning sewer basins at the price named, without a written contract, and without complying with the provisions required where such a contract is necessary.

3. SAME.

Where it is not alleged that the price to be paid for the work awarded did not exceed $1,000, or it was not necessary to complete or perfect some particular job, the indictment in that respect charges no crime, and, admitting the acts charged, the defendant is guilty of no offense by employing a person without complying with those requirements which relate only to a case where a contract is required and the amount exceeds $1,000.

4. SAME.

The indictment cannot be sustained in this respect upon the allegation that the defendant approved of bills which aggregated more than $4,000, and that such statement is a sufficient allegation that the price to be paid for the work necessary to complete or perfect the particular job mentioned exceed $1,000, where none of the bills approved is alleged to have amounted to $1,000.

5. SAME.

It should have been averred in the indictment that at the time it was awarded the work actually involved the expenditure of more than $1,000. The mere fact that it might be continued until the cost aggregated more than that sum does not bring it within the provisions of the section.

6. SAME—INFERENCES.

Inferences cannot be made a substitute for an averment of the principal material facts in an indictment. The indictment must positively allege the commission of an offense, and the acts constituting it.

7. SAME.

Section 413 provides for cases where, under section 419, a written contract is required, and where the amount exceeds $1,000. It is only in cases that may be the subject of a contract that the award and expenditure must be first authorized and approved. It relates to cases where the statute provides that a written contract must be made for a definite work or improvement, and not to cases where ordinary repairs or the maintenance of the structures of the city, are involved, and the amount may be less than $1,000.

8. SAME.

The purpose of section 419 was to prevent the fiscal officer of the municipality from paying any amount for work or supplies where there had been no contract unless the necessity therefor had been certified to by the appropriate department, and the expenditure had been authorized and appropriated. The mere approval by the defendant of the bills for work done by an employe cannot be regarded as an expenditure, or as falling within the intent and purpose of that provision of the charter.

9. SAME.

An indictment, in the absence of an allegation that the act of the defendant in approving the bills to which we have referred creates a charge upon the city, or that it was one of the steps by which a charge might be created, or that the city would become liable to pay such claim by reason of such approval, fails to sufficiently state a crime under the provision of section 1551.

10. SAME—ATTEMPT TO COMMIT A CRIME.

To constitute an attempt to commit a crime, there must appear to have been more than the mere design or intention to commit it. In other words, the indictment for an attempt to commit a crime is not sufficient unless it avers facts showing the particular crime which was attempted.

APPEAL from an order of the appellate division, affirming a judgment dismissing the indictment on demurrer.

Hiram B. Steele, for the People.

Robert H. Elder, for respondent.

MARTIN, J.—The indictment in this case was framed under section 1551 of the charter of the city of New York, and accuses the defendant of the crime of willfully violating or evading the provisions of law which prescribe his powers and duties as an officer of that city, and willfully committing a fraud upon the city while acting as such. It then avers the facts upon

which the accusation is based, which are, in substance, that the defendant was an officer of the city, having cognizance of its public sewers and drainage, their management, care, and maintenance, and possessing all the powers which in any way relate to the public sewers, repairs thereof, and to the drainage and cleaning of sewers, which were to be executed by him in accordance with the provisions of law. It further charges that the defendant, being such officer, on the 4th day of January, 1898, did willfully violate and evade the provisions of law defining and regulating his duties as such, and did willfully commit a fraud upon the city: First, in that he awarded the work of cleaning the receiving basins connected with and forming a part of the sewer system of the city at the price of $4.75 per basin, which was in excess of its value, without advertisement, or procuring sealed bids or proposals for such work, without making a contract therefor in writing, and without security for the faithful performance of such contract in the manner prescribed by law. Second. That the defendant, acting as such officer, on the same day employed one Cunningham to perform the work of cleaning such receiving basins, without first having the work and expenditure duly authorized and approved by the board of public improvements and by an ordinance or resolution of the municipal assembly, as required by law. Third. That he awarded the work of cleaning such basins, and incurred the expenditure for it, without having the necessity therefor certified by the head of the appropriate department, and without a certificate that the expenditure had been duly authorized and appropriated as required by law. Fourth. That he approved bills for cleaning such basins to the aggregate amount of $4,170.50, knowing that no contract had been entered into for the work founded upon bids or proposals; that no resolution or ordinance of the municipal assembly or resolution of the board of public improvements authorizing the work had been made as required; that the necessity for the work and expenditure had not been certified to by the head of the appropriate department; that no appropriation had been made or expenditure authorized therefor; that no final certificate of the completion and acceptance of the work, signed by the chief engineer or

head of the appropriate department, had been filed with the comptroller ; and that the amount of said bills so approved was grossly in excess of the true value of the worked performed. It is then averred that each of the acts charged was done willfully and knowingly, with full knowledge that they were in violation and evasion of the provisions of law, and with an intent to commit a fraud upon the city of New York.    To this indictment the defendant interposed a demurrer upon the grounds that it did not conform to the requirements of section 275 of the Code of Criminal Procedure, that more than one crime is charged, and that the facts stated do not constitute a crime.

The statute upon which this indictment is based in substance provides that any officer of the city government of the city of New York, or person employed in its service, who shall willfully violate or evade any of the provisions of law, or commit any fraud upon the city, or convert any of the public property to his own use, or knowingly permit any other person so to convert it, or by gross or culpable neglect of duty allow the same to be lost to the city, shall be guilty of a misdemeanor New York Charter, § 1551.    The only provisions of this statute which are involved are those relating to the violation or evasion of provisions of law, or the commission of fraud upon the city.    Hence the questions presented upon this appeal are whether the indictment conforms substantially to the provisions of the Code of Criminal Procedure by stating plainly and concisely acts constituting a crime, whether more than one crime was charged, within the meaning of the provisions of sections 278 and 279 of the Code of Criminal Procedure, and whether the facts stated in the indictment constituted a crime.    In examining these questions we deem it proper to consider the last question first, as in the event that the judgment should be upheld upon that ground, it will be unnecessary to examine the other objections to the sufficiency of the indictment raised by the demurrer.    It is manifest that the pleader attempted to charge an offense for the violation and evasion of the provisions of section 419 of the charter of the city of New York, upon the ground that the defendant had contracted for work which amounted to more than $1,000 without complying with the

provisions of that section as to advertisement, the receipt of bids and proposals, the requiring of security for the performance of the contract, and without a certificate of the necessity of such expenditure or work made by the head of the appropriate department after it had been authorized and appropriated. It is obvious, from an examination of the provisions of the New York charter relating to this subject, that two classes of contracts are contemplated and provided for; one where the work does not exceed $1,000, and the other where it exceeds that sum. In the former case no written contract, or bidding for the work or security for its performance is required, while in the latter a compliance with those provisions is necessary. To constitute an offense against this section of the charter, it must appear upon the face of the indictment what the contract was, and wherein the law was violated. Where the price is less than $1,000, it is apparent that the employment or agreement therefor is excepted from the operation of the provisions requiring the work to be let by contract, after bids shall have been invited, received, and acted upon. As we have already seen, the acts which are averred as constituting the offense attempted to be charged are that the defendant, while an officer of the city, awarded the work of cleaning the receiving basins referred to at $4.75 each, without advertisement, without procuring sealed bids or proposals or otherwise inviting competition, and without a contract in writing with security for the faithful performance of such work. This averment amounts only to a statement that the defendant contracted for the work of cleaning sewer basins at the price named, without a written contract, and without complying with the provisions required where such a contract is necessary. If the price to be paid for the work awarded did not exceed $1,000, or it was not necessary to complete or perfect some particular job, then it is plain that the defendant did not disregard those provisions of law, as they have no application. That the price exceeded that amount is nowhere directly alleged. Nor is it charged that the work was necessary to complete or perfect any particular job. It is, therefore, evident that the indictment in that respect charged no crime, and that, admitting the acts charged, the defendant was

guilty of no offense by employing such a person to clean such basins without complying with those requirements which relate only to a case where a contract is required and the amount exceeds $1,000.

But it is said that the indictment can be sustained in this respect upon the allegation that the defendant approved of bills for cleaning sewer basins which aggregated more than $4,000, and that that statement was a sufficient allegation that the price to be paid for the work necessary to complete or perfect the particular job mentioned exceeded $1,000.   To that contention we cannot give our assent. None of the bills approved is alleged to have amounted to $1,000.   The number of basins included in the contract of employment is not stated in the indictment, nor does it disclose when the work for which these various bills were rendered and approved was performed.   There is no averment of any connection between the work which the defendant employed to be done and that for which the bills were approved. So far as any allegation in the indictment is concerned, the bills approved may have had no connection whatever with the work awarded by the defendant.   There may be a possible inference that there was some connection between them, but inferences cannot be made a substitute for an averment of the principal or material facts in an indictment.   The indictment must positively allege the commission of an offense, and the acts constituting it.   This court held, in People v. Albow, 140 N. Y. 130, 134, 35 N. E. 438, that while, on a trial, an indictment may be supported by inferences from facts proved which imply the existence of the principal fact constituting the offense, yet the fact must be charged in the indictment, and it is not sufficient to allege facts from which such inferences may be drawn.   In that case Judge Andrews said : " A criminal charge may be, and often is, supported by inferences from facts which imply the existence of the principal fact constituting the offense.   But the principal fact must be charged in the indictment.   It is not sufficient to allege the facts from which an inference of the principal fact may be drawn, without charging the principal fact.   The settled rule of criminal pleadings, requires that all the elements which enter into the definition of an offense must be stated in

the indictment. The strictness which formerly prevailed in respect to unessential matters in indictments, which often defeated the ends of justice, has been properly relaxed. But the rule that the offense must be charged in plain and intelligible language, and that the indictment must set forth all the essential elements of the crime, is and ought to be preserved alike for the protection of the accused, and in the interest of the certain and orderly administration of the criminal law." In the indictment under consideration the principal fact is the employment of work to complete a particular job amounting to more than $1,000, without complying with the requirements of the statutes relating to such contracts. Hence, that the contract made exceeded that sum was required to be directly averred. It should have been averred in the indictment that at the time it was awarded the work actually involved the expenditure of more than $1,000. The mere fact that it might be continued until the cost aggregated more than that sum does not bring it within the provisions of the section. Swift v. Mayor, etc., 83 N. Y. 528. Therefore, under no aspect of the case can it be held that the indictment directly charged an offense arising from the fact that the defendant awarded a contract amounting to more than $1,000 without complying with the provisions of section 419.

Again, when we consider the charge that the work of cleaning these basins was awarded without having first been authorized by the board of public improvements and by an ordinance or resolution of the municipal assembly, we find that section 413, under which it is claimed that the authorization and approval must precede the award or expenditure, plainly provides for cases where, under section 419, a written contract is required, and where the amount exceeds $1,000. It is only in those cases that may be the subject of a contract that the award and expenditure must be first authorized and approved. When the words "that may be the subject of a contract" are read in connection with the other provisions of the charter relating to the subject, it is quite obvious that this provision relates to cases where the statute provides that a written contract must be made for a definite work or improvement, and not to cases

where ordinary repairs, or the maintenance of the structures of the city, are involved, and the amount may be less than $1 000. Consequently there are no sufficient allegations in the indictment to constitute the offense of a willful evasion or violation of these provisions of law.

It is also averred that the defendant, as such public officer, awarded the work of cleaning the receiving basins, and incurred an expenditure therefor, without having its necessity certified by the head of the appropriate department, and without a certificate that the expenditure had been duly authorized and appropriated as required by law. It is to be again observed that, so far as section 413 is the basis of this portion of the indictment, it relates only to work or improvements which must be the subject of contracts in writing, under the provisions of section 419. But section 419 provides that no expenditure shall be made for work or supplies involving an amount for which no contract is required, except the necessity therefor be certified to by the head of the appropriate department, and the expenditure has been duly authorized and appropriated. It is evident, from an examination of this provision of the charter, when considered in connection with others relating to the subject, that its purpose was to prevent the fiscal officer of the municipality from paying any amount for work or supplies where there had been no contract unless the necessity therefor had been certified to by the appropriate department, and the expenditure had been authorized and appropriated. The mere approval by the defendant of the bills for work done by an employe cannot be regarded as an expenditure, or as falling within the intent and purpose of that provision of the charter. Clearly, it was not necessary to the defendant's action in approving bills that he should make a certificate to himself as such officer. The district attorney's argument seems to be based upon a misconception of the provisions of the charter relating to this work. The work was a part of the ordinary maintenance of the department, and was doubtless provided for by the fund raised t⟩ defray its ordinary expenses. The defendant, as such commissioner, had the same power to employ the person who performed this work as he had to employ any

other workman in the department. Manifestly, the work was of a character which had to be performed by the department of which the defendant was the chief. That a single sewer basin might not be cleaned without complying with all the provisions of section 419, we do not believe. Such was not the purpose of the statute.

Moreover, there is no allegation that the act of the defendant in approving the bills to which we have referred created a charge upon the city, or that it was one of the steps by which a charge might be created, or that the city would become liable to pay such claim by reason of such approval. There is nothing in the indictment to show that, if all the acts charged had been performed, the city was, or could by any possibility have been, defrauded. When we consider all the allegations of the indictment, including the general one that each of the acts charged was done willfully, and with full knowledge that they were in violation and evasion of the provisions of law, and were done with intent to commit a fraud upon the city, we think they fail to sufficiently state a crime under the provisions of section 1551.

But it is said that the acts charged are at least sufficient to constitute the offense of an attempt to commit a crime. An attempt to commit a crime is made a distinct offense by section 34 of the Penal Code, which declares that "an act, done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit that crime." To constitute an attempt to commit a crime, there must appear to have been more than the mere design or intention to commit it. People v. Lawton, 56 Barb. 126. Section 444 of the Code of Criminal Procedure provides that upon an indictment for a crime the defendant may be convicted of an attempt to commit a crime. We think that the indictment must at least state the crime which the defendant has attempted to commit; in other words, that the indictment for an attempt to commit a crime is not sufficient unless it avers facts showing the particular crime which was attempted. In that respect this indictment is fatally defective.

We are of the opinion that the indictment does not state facts

sufficient to constitute a crime, either under section 1551 of the New York charter, or under section 34 of the Penal Code, and that the judgment appealed from should be affirmed.

All concur, HAIGHT, J., absent.    Judgment affirmed.