PEOPLE v. ANTONIELLO.

(Kings County Court. March 24, 1914.)

HOMICIDE (§ 128*)—INDICTMENT—SUFFICIENCY—ALLEGATION OF INTENT TO EFFECT DEATH.

An indictment, accusing the defendant of the crime of murder in the first degree committed as follows, "the defendant, unlawfully, feloniously and of his malice aforethought struck deceased with a dirk, thereby inflicting injuries of which he died," does not state facts sufficient to charge the defendant with the crime of murder in the first degree as defined by Penal Law (Consol. Laws, c. 40) § 1044, since it fails to allege that the injury was inflicted with intent to cause death, and that intent cannot be inferred from the fact that death ensued.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 195, 196; Dec. Dig. § 128.*]

Rocco Antoniello was indicted for murder in the first degree. Demurrer to the indictment sustained.

James C. Cropsey, Dist. Atty., of Brooklyn, for the People.
John L. Danzilo, of Brooklyn, for defendant.

BAKER, J. The defendant has demurred on the ground that the indictment does not conform to the requirements of sections 275 and 276 of the Code of Criminal Procedure, and upon the further ground that the facts stated do not constitute a crime. The indictment is as follows:

"County Court of the County of Kings. The People of the State of New York, plaintiffs, against Rocco Antoniello, defendant. The grand jury of the county of Kings, by this indictment, accuse the defendant of the crime of murder in the first degree, committed as follows: The defendant, on December 19, 1913, in the county of Kings, willfully, feloniously and of malice aforethought,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struck Alessandro Lazarano with a dirk, thereby inflicting injuries of which he died on December 19, 1913.        James C. Cropsey, District Attorney."

Supplementing the demurrer, counsel for defendant upon the argument presents specifications alleging several defects in the indictment. The objection which impresses me as being best taken is that the indictment fails to allege that the mortal wound was inflicted with an intent to kill. The indictment must state facts which constitute the crime of murder in the first degree as defined by at least one of the subdivisions of section 1044 of the Penal Law. Clearly this indictment does not state the acts constituting the crime of murder in the first degree, as defined by subdivisions 2, 3, or 4 of that section. Subdivision 1 of that section defines murder in the first degree:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed: (1) From a deliberate and premeditated design to effect the death. * * *"

The indictment charged that the defendant "willfully, feloniously and of malice aforethought struck Alessandro Lazarano with a dirk"; but it is barren of any allegation of a design to effect the death of Alessandro Lazarano or of any human being. The concluding phrase, "thereby inflicting injuries of which he died," cannot by any fair inference mean that the death of the victim was premeditated by the defendant. If the indictment had disclosed that the injury had been inflicted at a part of the person well known to be vital, under the rule that a person intends the natural and necessary consequence of an act done by him, a willful intention to kill might be inferred; but it is as consistent to guess that an artery in the victim's hand had been severed as to say the mortal injury was at a more vital point. Any pleading which requires an inference to sustain it is poor; especially is this true in a criminal action. But the facts stated in this indictment contain no statement from which even an inference of a murderous intent can be gathered. One of the principal facts of a common-law murder which is attempted to be charged here is a willful, premeditated intention to kill.

"It is not sufficient to allege the facts from which * * * the principal facts may be drawn, without charging the principal fact. The settled rule of criminal pleadings requires that all the elements which enter into the definition of an offense must be stated in the indictment." People v. Kane, 161 N. Y. 380, 55 N. E. 946.

I am compelled to the conclusion that this indictment does not state the principal facts which constitute the crime of murder in the first degree.

The demurrer sustained.