Edward T. Sullivan, J.
Indictment No. 1632-68, May 1968 Term, Supreme Court, charges the above defendant with the crime of official misconduct in violation of section 195.00 of *512 the Penal Law. After the formal arraignment, it was transferred by order of the Supreme Court to the Saratoga County Court for trial or other disposition. Defendant filed written demurrer to the indictment. There was no hearing or oral argument. The application for demurrer was submitted to the court upon written briefs.
The portion of the indictment to which the defendant demurs is as follows: ‘ ‘ The defendant, in the Village of Ballston Spa, County of Saratoga, State of New York, on or about January 6, 1968, did, with an intent to obtain a benefit, refrain from performing a duty imposed upon him by law or which is clearly inherent in the nature of his office, in that the said Charles Thompson, the Acting Chief of Police of the Village of Ballston Spa, placed and made a bet or wager upon a horse race with one Robert McDonough, at premises being other than at a race track or trotting track authorized by or entitled to the benefits of the statutes enacted in relation thereto. The duty imposed upon him by law, which the said Charles Thompson refrained from performing, or which was clearly inherent in the nature of his office, was to arrest the said Robert McDonough for committing the crime of Promoting Gambling while in his presence.” (Emphasis added.)
Defendant contends that the above is insufficient on its face in that, (1) it does not contain a plain and concise statement of the act constituting the crime, as required by section 275 of the Code of Criminal Procedure; and (2) the facts stated do not constitute a crime.
The full text of section 195.00 of the Penal Law is as follows:
“ A public servant is guilty of official misconduct when, with intent to obtain a benefit or to injure or deprive another person of a benefit:
‘ ‘ 1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
“ 2. He knowingly refrains from perfoming a duty which is imposed upon him by law or is clearly inherent in the nature of his office.
“ Official misconduct is a class A misdemeanor. ” (L. 1965, ch. 1030, eff. Sept. 1,1967.) (Emphasis added.)
In revising the Penal Law, effective September 1, 1967, some 30 or more miscellaneous sections of the former Penal Law, specifying as crimes particular misconduct, both omissions and commissions, of public officials, were eliminated. Culpability thereunder had been designated by such terms as ‘ ‘ knowingly *513 permitted”, ‘ ‘ willfully neglects ”, “ willfull omission”, ‘ ‘ neglectfully ’ ’, etc., which were vague, difficult to define and more difficult to apply. Also, these many and varied offenses of malfeasance and nonfeasance by public servants which accumulated by additions to the Penal Law down through the years and applied to a great variety of public offices, while they pointed up undesirable conduct by public servants, many of them were of such a general petty nature as to be undeserving of the stigma of criminality.
Section 195.00 of the "present Penal Law resulted, combining all of the areas of official misconduct into one criminal offense; all of the essential elements of such official misconduct which make up a criminal act are set forth therein. , The initial sentence of that section contains the prerequisite conditions; subdivision 1 covers malfeasance; subdivision 2 covers nonfeasance.
A review, not asserted to be exhaustive, of the former Penal Law discloses that at least three sections therein: section 997, Officers directed to prosecute offenses; section 1841, Provision as to neglect of duty and section 1857, Omission of duty by public officer, all misdemeanors, might well have applied to the factual situation contained in this indictment had the alleged incident occurred prior to September 1, 1967 rather than, as it is alleged that it occurred, on or about January 6, 1968. All three of these' sections, according to the distribution table contained in the revised Penal Law (Appendix L. 1965, ch. 1030) are found in section 195.00 of the revised Penal Law. By the first sentence therein official misconduct is made criminal only when the public servant’s act or omission is coupled with an intent to obtain a benefit, to. injure another person or to deprive another person of a benefit. Obviously something has been added by the new law to establish criminality over and above the intentional omission, regardless of its purpose, found in the former law. A culpable motive is required which must be directly connected with the duty which the public servant refrained from performing, and such motive must be of a venal nature.
It must be noted and constantly borne in mind that this defendant has not been charged with any violation of the gambling article of the Penal Law. The fact that it is alleged that the defendant herein, an Acting Chief of Police, himself placed a bet with the party allegedly committing the crime of promoting gambling, establishes a distorted image of the true legal question presented. The indictment does not charge the *514 defendant with a gambling violation. The indictment charges the defendant with the alleged crime of official misconduct. The factual allegation is that he refrained from making the arrest of the party who was then and there promoting gambling. Under the circumstances this may be an undesirable nonfeasance. However, in order for it to charge the criminal act of official misconduct, the indictment.must contain a factual allegation of the defendant’s intent to benefit by his refraining from making the arrest which, as stated above, must be a venal or culpable motive for failing to perform his duty.
To hold otherwise, would require a police officer to make an arrest every time he saw a violation of law, regardless of how menial the act might be or how proper his intent might be to abstain from making the arrest. It would preclude all instances where an admonition to the violator would be proper and sufficient. To hold otherwise, would prevent a police officer from abstaining from arrest when to do so would further the interests of justice. An illustration would be the law enforcement surveillance of a suspected gambling establishment, for example, wherein the officer was attempting by observation to find just and probable cause to obtain a warrant or to obtain evidence to support a criminal charge under the gambling statutes. Another illustration which comes to mind is the current investigation and surveillance practices of the law enforcement officers in combating narcotic and dangerous drugs. Here, again, surveillance and observation of illegal activity for purposes of properly preparing the cases is essential and it would be hampered, if not doomed to absolute failure, if the police officer had to make an arrest for each incident or, in the alternative, face his own arrest for official misconduct. To hold otherwise, would eliminate all discretion on the part of the police officer and eliminate all properly motivated abstention from making an arrest in every instance of illegal activity without resulting vulnerability for his own arrest on a charge of official misconduct.
In order that an indictment be sufficient, it must identify the charge against the defendant and notify him of the nature of the charge against him to the end that he may properly prepare his defense, and it must also prevent him from again being tried for the same offense. Subdivision 4 of section 323 of the Code of Criminal Procedure, relied upon by the defendant as a ground for demurrer, requires that, “ the facts stated do not constitute a crime ”. While the indictment herein does include the conclusory statutory words. “ did, with intent to obtain a benefit, refrain ”, it does not contain *515 a factual allegation of what it is that the defendant intended to obtain as a benefit for his restraint or arrest. In this court’s opinion, the indictment is insufficient. Therefore, it is not necessary to consider other points of arguments raised by the defendant’s brief.
While, as stated above, there was no formal hearing or argument, the court, in seeking a determination under section 327 of the Code of Criminal Procedure on the question of resubmission, was informed that the transcript of the Grand Jury minutes does not contain any evidence of the defendant’s alleged intended benefit, and that in fact, there was no evidence of such to submit to a Grand Jury. Therefore, there is no necessity for a direction by the court that the matter be resubmitted.
It is the judgment of the court that the demurrer filed by the defendant hereby is allowed.