Edward M. Hobby, J.
The defendant has been indicted by the Grand Jury of Allegany County on 85 separate misdemeanor counts. They consist of 29 counts of official misconduct allegedly committed by the defendant as the elected District Attorney of Allegany County in violation of section 195.00 of the Penal Law; 29 counts of unlawful imprisonment in the second degree in violation of section 135.05 of the Penal Law; 16 counts of endangering the welfare of a child in violation of section 260.10 of the Penal Law; 8 counts of criminal possession of a forged instrument in the third degree in violation of section 170.20 pf the Penal Law; 2 counts of forgery in the third degree in violation of section 170.05 of the Penal Law, and 1 count of assault in the third degree in violation of section 120.00 of the Penal Law.
The defendant makes this motion to dismiss the indictment generally and several of the counts thereof specifically. Six reasons in support of the motion have been advanced by defendant’s counsel. They are treated separately in this decision.
I
A principal contention of the defendant is that section 260.10 of the Penal Law of New York is unconstitutional.
Section 260.10 of the Penal Law defines the crime of ‘ ‘ endangering the welfare of a child ”. Prior to amendment, effective September 1, 1970, subdivision 1 provided that:
‘ ‘ A person is guilty of endangering the welfare of a child when:
1 ‘ 1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than sixteen years old, or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health”. (Italics added.)
By virtue of the noted amendment, the statute was altered to delete the clause u a child less than sixteen years old”, sexless in its expression, and substitute in the place and stead thereof, a clause which differs in its age requirements between a female and a male child.
The statute now provides that:
“ A'person is guilty of endangering the welfare of a child when:
*115 “ 1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or a female child less than seventen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health ”. (Italics added.)
As a consequence of the 1970 amendment, the defendant charges that the statute now contains an ‘ ‘ unconstitutional provision discriminatory between persons on the basis of sex ”. On this ground the defendant moves to have those 16 separate counts in the indictment charging the defendant with violations of section 260.10 of the Penal Law dismissed.
In support of his position, the defendant relies heavily on Matter of Patricia A. (31 N Y 2d 83). There, our Court -of Appeals considered the provisions of subdivision (b) of section 712 of the Family _ Court Act. That statute set forth certain conduct which if committed by a “ male less than sixteen years of age ”, or by “ a female less than eighteen years of age” would result in an adjudication that the person was in need of supervision. A 16-year-old female, adjudicated a person in need of supervision under that statute, appealed contending that the statute, among other things, violated the equal protection clause of the State and Federal Constitutions. Noting that under this statute conduct perfectly licit for 16- and 17-year-old boys would be illicit for 16- and 17-year-old girls, the Court of Appeals held (p. 89) that the portion of the statute relating to females between the ages of 16 and 18 was sexually discriminatory legislation and must be stricken as unconstitutional ”.
The defendant notes that a reason for the 1970 amendment establishing a different classification for boys and girls was to reconcile section 260.10 of the Penal Law with other statutes, including those in the Family Court Act (see Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39). As a consequence, the defendant contends that the determination of unconstitutionality in Matter of Patricia A., construing provisions of the Family Court Act, should be applicable to him in construing the provisions of section 260.10 of the Penal Law. Examination of this argument is in order.
Basic, critical and prerequisite to the defendant’s position of unconstitutionality is the defendant’s standing to assert such a contention in this court.
The Supreme Court of the United States has long adopted the rule that one may not urge the unconstitutionality of a *116 statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the Constitution. That a statute impliedly might be taken as applying to other persons, or other situations in violation of the constitutional provisions is insufficient. The general rule is that a litigant may only assert his own constitutional rights or immunities. (United States v. Raines, 362 U. S. 17; Heald v. District of Columbia, 259 U. S. 114.)
The reason for the cited rule was noted in Barrows v. Jackson (346 U. S. 249, 256) as follows: “ It would indeed be undesirable for this Court to consider every conceivable situation which might possibly arise in the application of complex and comprehensive legislation ’ ’.
While concededly some exceptions have been made to the recited general rule and representative litigation for others has been permitted, the exceptions have been narrow in their application and have dealt principally with instances involving impingement of constitutional rights of expression. A review of exceptions is set forth in United States v. Raines (362 U. S. 17, 22, supra) and in Eisenstadt v. Baird (405 U. S. 438, 444 et seq.). This court has found no exceptions which would be applicable to the case for decision. Ño reason for further relaxation of the rule has been advanced by the defendant or found by the court.
Winters v. New York (333 U. S. 507), wherein a New York penal statute was ruled unconstitutional does not appear to be relevant to the case for decision. Unconstitutionality there was predicated on vagueness and indefiniteness of the statutory enactment. The terms and provisions of the statute in question (Penal Law, § 260.10), in the opinion of the court, are sufficiently fixed and definite to meet the test of constitutionality, to wit: they ‘ ‘ give potential offenders notice of what they may not do ”. See Matter of Patricia A. (31 N Y 2d 83, 86, supra) holding constitutional the provisions of the Family Court Act on the charge of vagueness and unconstitutional only oh the charge of discriminatory legislation. However, definiteness or vagueness of section 260.10 of the Penal Law need not be determined because it has not been asserted. The basis for unconstitutionality urged on the court is not indefiniteness, but discrimination.
The court reaches the conclusion that the defendant’s objection is unfounded and his reliance on Matter of Patricia A. is misplaced. It is misplaced for the reason that the discrimination in the statute that exists is_between male and female minor *117 victims of prohibited conduct. The statute does not discriminate as to the persons who victimize such minors. This defendant is not the victim of any invidious classification. That is the flaw in the reasoning he advances. He is treated precisely the same as all persons are treated who engage in prohibited conduct with a female under the age of 17, or a male under the age of 16. This is all that the equal protection clause of the State and Federal Constitutions provides. Reed v. Reed (404 U. S. 71, 75-76), indicating that the objective of the equal protection clause is ‘1 that all persons similarly circumstanced shall be treated alike ” and citing Royster Guano Co. v. Virginia (253 U. S. 412, 415). Principle announced in Reed v. Reed was reaffirmed in Eisenstadt v. Baird (405 U. S. 438, 447).
If the provisions of subdivision 1 of section 260.10 of the Penal Law are in law so discriminatory on the basis of sex that they violate the Federal and State Constitutions, then by a parity of reasoning with the decision in Matter of Patricia A. they are unconstitutional only as they relate to a female child 16 years of age. (The disparity in the statute being only between a female less than 17 and a male less than 16; see Matter of Patricia A., 31 N Y 2d 83, 89, supra.) The issue of unconstitutionality has not been presented by such a female minor and accordingly is not determined.
While constitutional rights and immunities should not be grudgingly granted, they cannot here properly be granted to one for another. TJnconstitutionality does not exist in a vacuum. It has application only to specific problems and, subject to limited exceptions not here applicable, it is a defense available only to those offended by a denial of their constitutional rights and immunities, not those of others. The court holds that here the defendant is asserting the constitutional rights of third-party female children and not his own. This he may not do.
n.
A second attack is also made against those 16 of the 85 counts in the indictment that charge the defendant with the crime of endangering the welfare of a child in violation of the provisions of subdivision 1 of section 260.10 of the Penal Law. The basis next alleged is that the facts alleged in these 16 counts do not constitute a violation of that penal statute. The court finds no merit in this contention.
As noted, section 260.10 of the Penal Law, as amended, now provides as follows:
‘ ‘ A person is guilty of endangering the welfare of a child when:
*118 ‘11. He knowingly acts in a manner likely to be injurious to the physical, mental or moral Avelfare of a male child less than sixteen years old or a female child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health; or ”
Each of the 16 counts of the indictment (with a single variation) charges as follows:
“ The said defendant, in the County of Allegany, New York, on or about the said * * * knoAvingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a female child less than 17 years of age by physically restraining, binding and gagging said child.” (See Counts 2, 4, 6, 8, 10,12,14,16, 42, 43, 44, 45, 46, 47, 48 and 49.)
The 6th count adds to the quoted language of the other 15 counts the folloAving additional allegation: “ And exhibiting to her photographs, written material and moving pictures which were sexually stimulating ”. (See Count 6 of the indictment.)
The requirements of form and content of an indictment are set forth in GPL 200.50. Relevant to the contention of the defendant is subdivision 7. It provides that an indictment must contain: “7. A plain and concise factual statement in each count, which, Avithout allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s commission thereof Avith sufficient precision to apprise the defendant, or defendants of the conduct which is the subject of the accusation ”.
It has been uniformly held that in drafting an indictment it is sufficient to follow the statutory language (People v. Parson, 244 N. Y. 413; Phelps v. People, 72 N. Y. 334), except in the instance when the statute does not define the crime. (People v. Kane, opn. of Sup. Ct. reported at 43 App. Div. 473, affd. 43 App. Div. 472, affd. 161 N. Y. 380.). Since section 260.10 of the Penal Law, here involved, does define the offense of “ endangering the welfare of a child ”, the exception is inapplicable and the general rule prevails.
This court does not view the pleading of the 16 counts of “endangering the morals of a minor” as presenting even a question .of substantial conformity to the requirements. (CPL 210.25, subd. 1-.)
Examination discloses, and the court finds, that the prosecutor has followed precisely the statutory language of subdivision 1 of section 260.10 of the Penal Law in drafting these counts. Each count specifies the acts of the defendant which were *119 ‘ likely to be injurious to the physical, mental or moral welfare ” of the respective minor. The specific acts alleged were: ‘ ‘ physically restraining, binding and gagging said child ’ ’, with count 6th adding the further specific act of ‘ ‘ exhibiting * * * photographs, written material and moving pictures which were sexually stimulating ”. Only familiarity with the English language is necessary to fully comprehend the offenses charged in these counts.
For the reasons noted, the court holds that Counts numbered 2, 4, 6, 8,10, 12,14, 16 and 42 through 49 inclusive of the indictment charging “ endangering the morals of a minor ” state facts sufficient to constitute the crime charged and are in proper form and content to protect the constitutional rights of the defendant and meet the requirements of CPL 200.50. The objection of the defendant raised in the form of a demurrer to these 16 counts is overruled.
III.
The third point of the defendant’s motion is directed against 29 separate counts in the indictment which charge the defendant with official misconduct in violation of section 195.00 of the Penal Law. The defendant contends that these counts do not state facts sufficient to support the misdemeanor charge and moved for their dismissal. Such motion is properly made under CPL 210.20 (subd. 1, par. [a]). As a facet of the defendant’s contention, it is urged that the ‘1 benefit ’ ’ used in section 195.00 of the Penal Law, must be specified in the indictment and further that the term ‘1 benefit ’ ’ must be specified to mean an economic or financial benefit. Since specificity of “benefit” is not alleged at all, and thus not alleged to be financial in nature, it is urged that the 29 counts are deficiently pleaded. The defendant also argues that each of the 29 counts of official misconduct are pleaded in the alternative and thus fail to apprise the defendant of the crime charged.
The starting point for resolution of these contentions of the defendant is the statute in question.
Section 195.00 of the Penal Law is entitled “ Official misconduct ”. Subdivision 1 provides as follows:
‘ ‘ A public servant is guilty of official misconduct when, with intent to obtain a benefit or to injure or deprive another person of a benefit:
‘ ‘ 1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized ”.
Twenty-eight of the twenty-nine counts of official misconduct *120 have been pleaded by the special prosecutor as follows: “ The said defendant, in the County of Allegany, New York on or about the * * * being then the District Attorney of Allegany County, a public servant, with intent to obtain a benefit or to injure or deprive another person of a benefit, did commit acts relating to his office but constituting an unauthorized exercise of his official functions, knowing that such acts were unauthorized, in that he, under pretense of color of official authority and duty, did restrain one
The other count in the indictment also charging" “ official misconduct ’ ’ differs from the quoted allegation only as to the specification of the unlawful act and substitutes for the allegation of restraint the following: “in that he used an official letter and a subpoena to secure the release of one * * * a student at WellsviUe Central School from attendance at such school for a purpose wholly unauthorized and outside the scope of his official functions and duties as District Attorney ’ ’.
The court first considers the objection to alternative pleading. A reading of the statute evidences that the offense of official misconduct may be committed by prohibited acts either with an intent on the part of the defendant to gain a benefit for himself or with intent to deprive a benefit to another. The special prosecutor, following the disjunctive language of the statute, has pleaded each count of official misconduct in a disjunctive form. The court holds such pleading is proper. As long ago as 1883 our Court of Appeals in Bork v. People (91 N. Y. 5, 13) held: “ Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together, and charge the defendant to have committed them all, and a conviction may be had oh proof of the commission of any one of the things, without proof of commission of the others. (People v. Davis, 56 N. Y. 95) ”. The principle announced in Bork v. People was reaffirmed by the Fourth Department, Appellate Division, in 1962 in People v. Dabek (18 A D 2d 773). Those decisions are binding on this court.
The further contention of the defendant that each count alleging official misconduct should properly specify the “benefit ” which the defendant sought to gain or deny to another is concededly troublesome to this court.
No one of the 29 counts pleading official misconduct cop-tains a factual allegation of what “ benefit ” it was that the defendant sought to gain for himself or a third party, or to deny to another. Does this deficiency render the counts sufficiently *121 defective as to require their dismissal? This court reaches the conclusion that it does not.
CPL 200.50 sets forth the requirements of an indictment. Subdivision 7 provides that an indictment must contain ‘ ‘ a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged ’ ’.
The purpose of an indictment is “to identify the charge against a defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense and also to notify him of the nature and character of the crime charged against him to the end that he may prepare a defense ’ ’. (People v. Williams, 243 N. Y. 162, 165.) If the language of the indictment serves these purposes it is sufficient as a matter of law. (People v. Armlin, 6 N Y 2d 231, 234.)
Having set forth the statutory requirements and the purpose of an indictment, this court, as Judge Pound noted for the Court of Appeals in People v. Farson (244 N. Y. 413, 418) is, nonetheless, “met with much difficulty in their practical application”.
This court has discovered no appellate determination on the point in issue.. Three judicial determinations that provide general direction for its resolution have been discovered. They are: (1) People v. Bogdanoff (254 N. Y. 16, 23) wherein the Court of Appeals observed: “In New York * * * the courts, acting under the command of the Legislature, measure the sufficiency of indictments solely in relation to the substantial rights of the accused, guaranteed either by the express language or the fair intendment of the Constitution” (Italics added; Lehman, J.), and (2) People v. Farson (244 N. Y. 413, 417), wherein Judge Pound, speaking for the Court of Appeals, said that in applying the test of sufficiency to an indictment ‘( we are to construe the indictment liberally and reject the objection if it is technical or impracticable ”, and (3) People v. Dabek (18 A D 2d 773) which, after referring with approval to the principle of law-set forth in the decision of People v. Farson, stated: “ Defendant further has the right to obtain a bill of particulars if he desires additional information as to the nature of the charge ”.
Further assistance is found in the recently enacted provisions of CPL 210.25. That statute relates to a “ motion to dismiss indictment; as defective ’ ’. Effective September 1,1971, it provides in part as follows:
“ An indictment or a count thereof is defective within the *122 meaning of paragraph (a) of subdivision one of section 210.20 when:
“1. It does not substantially conform to the requirements stated in article two hundred (Italics added.)
In determining the defectiveness of an indictment, the court finds similarity between the test of substantial rights of the defendant announced in People v. Bogdanoff (supra) and the test of substantial conformity to statutory requirements now contained in Criminal Procedure Law. Perfection does not appear to be the criterion for determining the adequacy of a criminal pleading.
A rereading of the 29 counts of the indictment in the light of the decisional and statutory law, which has been noted, discloses that the special prosecutor has followed the language of the statute (Penal Law, § 195.00) in his pleading of the 29 counts of official misconduct. As noted earlier in this decision, this is proper pleading (People v. Farson, 244 N. Y. 413, supra; Phelps v. People, 72 N. Y. 334, supra) unless the statute does not define the crime (People v. Kane, opn. of Sup. Ct. reported at 43 App. Div. 473, affd. 43 App. Div. 472, affd. 161 N. Y. 380, supra), an exception not applicable in view of the statutory definition of official misconduct contained in section 195.00 of the Penal Law.
This court reaches the conclusions that each of the 29 counts of official misconduct ‘ ‘ contains the essential constituents of the crime and informs the defendant of the crime charged ” (People v. Dabek, 18 A D 2d 773, supra) and that a conviction or an acquittal on them would prevent a subsequent charge for the same offense, thus affording the defendant his substantial constitutional right against double jeopardy. (See People v. Armlin, 6 N Y 2d 231, 234, supra; People v. Bogdanoff, 254 N. Y. 16, supra.) The court holds that they substantially conform to the requirements stated in CPL article 200 and are legally sufficient. (See CPL 210.25.)
The court also reaches the conclusion that a specification of “ benefit ” as pleaded in each count of official misconduct is the proper subject matter for a bill of particulars. It would appear that the defendant is in agreement with this latter conclusion for he has sought such specification in a separate motion for a bill of particulars and this court, by separate decision and order, has directed that they be furnished.
In reaching the conclusion that the 29 counts charging official misconduct are sufficiently pleaded in the indictment here, the court is not unaware of People v. Thompson (58 Misc 2d 511) *123 decided January, 1969 by County Court, Saratoga County. It is conceded that the determination there can arguably be claimed to be contrary to the decision reached here. It is noted, however, that the learned Judge’s determination in People v. Thompson was based solely on the “court’s opinion” (see p. 515) of a proper construction of the requirements of subdivision 4 of section 323 of the Code of Criminal Procedure which are no longer applicable in view of the legislative enactment of new provisions in Criminal Procedure Law. This court also regards it as significant that the learned Judge in People v. Thompson was required to make his determination without the benefit and guidance of the ‘ 4 substantial conformity ’ ’ test now contained in CPL 210.25 adopted after his determination, but effectively continuing to date.
IV.
The fourth objection of the defendant is directed to the -29 counts of unlawful imprisonment in the second degree' alleged to have been committed by the defendant in violation of section 135.05 of the Penal Law. The defendant asserted, on information and belief, that all, or at least some of the females alleged to have been unlawfully detained by the defendant had executed written consents. Upon oral argument the prosecutor acknowledged that some of the persons alleged to have been detained had executed written consents and stated that such consents where known to exist had been submitted for consideration of the Grand Jury. Such consents, at least those executed by a person over 16 years of age, the defendant urges are a complete defense to the prosecution of the defendant and the basis for dismissal of such counts.
Section 135.05 of the Penal Law (Unlawful imprisonment in the second degree) provides as follows: “A person is guilty of unlawful imprisonment in the second degree when he restrains another person ”. (Italics added.)
Particular note is made that the statute alone (Penal Law, § 135.05) does not include a requirement that the restraint be “without consent”. However, the defendant is correct in noting that each count of unlawful imprisonment uniformly alleges that the restraint of the particular person was without consent ” of such person.
The phrase without consent ’ ’ alleged in the several acts of unlawful imprisonment clearly has its origin in section 135.00 of the Penal Law. That section is entitled Unlawful imprisonment, kidnapping and custodial interference; definition of terms ”.
*124 It provides as follows:
“ The following definitions are applicable to this article:
“1. ‘ Restrain ’ means to restrict a person’s movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined ‘ without consent ’ when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement ”. (Italics added.)
Since the statutory definition of “restrain” includes a statutory definition and construction of ‘ ‘ without consent ’ ’ and since such definition and inclusive construction is applicable to section 135.05 of the Penal Law, the special prosecutor wisely included the term ‘ ‘ without consent ’ ’ in alleging that the defendant ‘ ‘ restrained ’ ’ certain individuals in violation of section 135.05 of the Penal Law.
The fallacy of the defendant’s argument is that it presupposes that regardless of the circumstances attending the giving of a consent, the consent, if given, is a complete defense and bar to prosecution. Clearly this is not . true. Consents executed through physical force, intimidation or deception are expressly excluded. How or why a restraint made with a consent was, nevertheless, made ‘‘ without consent” within the meaning of the Penal Law is a matter of proof by the People upon triaL
The allegations in each count of unlawful imprisonment are as follows:
1 ‘ And the grand jury aforesaid, by this indictment, further accuse said defendant of the crime of unlawful imprisonment in the second degree in violation of Sec. 135.05 of the Penal Law, committed as follows: —
“ The said defendant at ... in the County of Allegany, New York, on or about . ... restrained one . . . intentionally and unlawfully in such manner as to interfere substantially with her liberty by confining her limbs and body without her consent and with knowledge that such restriction was unlawful ’ ’.
The pleading is in the language of section 135.05 as implemented by section 135.00 of the Penal Law. Specification is given to the manner in which the restraint was exercised and in each instance it is alleged to have been without consent.
*125 For reasons previously noted in this decision (reference to point III of this decision re: counts charging official misconduct), the court holds that pleading of the counts of unlawful imprisonment are proper (People v. Farson, 244 N. Y. 413, supra; Phelps v. People, 72 N. Y. 334, supra; Bork v. People, 91 N. Y. 5) and substantially conforms to the requirements stated in CPL article 200 (CPL 210.25). The objection of the defendant to the 29 counts of unlawful imprisonment in the second degree is overruled and his motion for dismissal of those counts is denied.
.V.
The fifth contention of the defendant is that he is being placed in double jeopardy. Specifically, the defendant asserts that his prosecution upon charges of unlawful imprisonment and endangering the welfare of a child is for two offenses based upon the same act or criminal transaction and thus improper. As is true with many of the points raised by the defendant in this motion, no prior judicial determination has been cited by counsel or discovered by the court. The answer here, if it is to be found, lies in the statute and hopefully the proper construction of it.
The applicable statutory provision dealing with this fifth assertion of the defendant is CPL 40.20. Subdivision 2 of that section provides in part as follows:
“ 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“ (a) The offenses as defined have substantially different elements and the facts establishing one offense are in the main clearly distinguishable from those establishing the other; or
“ (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil
In contrasting the elements of the two offenses, it appears that consent to a physical restraint given by any person over 16 years of age if not accompanied by physical force, intimidation or deception would be a defense to a prosecution of unlawful imprisonment in violation of section 135.05 of the Penal Law. (See Penal Law, § 135.00, subd. 1.) Even in the case of a minor under 16 years of age, acquiescence to a restraint would be a defense if such acquiescence of the minor was accompanied by acquiescence of a parent, guardian, institution or other person having control over such minor. (See Penal Law, § 135.00, subd. 1.)
The court finds no counterpart element in a charge of endangering the welfare of a child. Under the provisions of that *126 statute (Penal Law, § 260.10), the consent of a parent, or guardian to an act of a third party that constituted an endangerment of a child would not only be no defense, it would constitute a violation of the statute by the parent or guardian. (iSee Penal Law, § 260.10, subd. 2.)
In addition, unlawful imprisonment addresses itself only to impairment of the physical well-being. Endangerment of a child is broader and includes conduct injurious to the mental or moral welfare as well. (See Penal Law, § 260.10.) In brief, this court finds elements in the offense of unlawful imprisonment (Penal Law, § 135.05) which are not elements in the offense of endangering the welfare of a child. (See Penal Law, § 120.10.)
Further, the statute prohibiting unlawful imprisonment has as its purpose the preservation of freedom of movement. It directs its censorship against an interference with personal liberty. It proscribes ‘ ‘ an unlawful non-consensual removal or confinement of a person ’ ’ that interferes with that liberty. It is intended to cover those lesser criminal offenses not falling within the scope of the “ kidnapping ” statutes. (See Practice Commentary, Professors Denzer and McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, § 135.00 of the Penal Law, p. 313 and § 135.05 of the Penal Law, p. 314.)
Endangering the welfare of a child is prohibited by section 260.10 of the Penal Law. In construing the predecessor statute (former Penal Law, § 483) our Court of Appeals stated that the purpose of the statute was to protect physical health, morals and well-being of children and that solicitude for them relates not only to sexual offenses, but to other dangers as well. (People v. Bergerson, 17 N Y 2d 398.)
The court finds that these two sections of the Penal Law were “ designed to prevent very different kinds of harm or evil ”. (See GPL 40.20, subd. 2, par. [b].)
For the reasons stated, the court holds that the prosecution of the defendant upon the charges of unlawful imprisonment and endangering the welfare of a child is proper within the provisions of GPL 40.20 (subd. 2, subpars. [a] and [b]). The objection of the defendant that there is improper duplication in prosecuting him for these two offenses is disallowed.
VI.
The sixth and final contention of the defendant is that there is a misjoinder of counts in the indictment. It is noteworthy that the motion of the defendant on the score of misjoinder does not seek severance of various counts, but rather dismissal of the entire indictment. It is in the nature of a demurrer. However, *127 as this court understands the law, such a demurrer no longer necessarily lies to the whole indictment, but may be made to any count thereof. (See People v. Pier one, 32 Misc 2d 536, construing former section 323 of the Code of Criminal Procedure and current successor statute CPL 210.25, permitting the motion for defectiveness to be addressed to “an indictment or a count thereof”). The court considers the defendant’s motion here as one seeking dismissal of both the entire indictment and any misjoined counts included therein.
The rules applicable to joinder of offenses in an indictment are contained in CPL 200.20. Subdivision 2 of that statute provides four separate instances when various offenses may be joined. In view of the great number of the counts in the indictment before the court, to wit: 85, and the number and diversity of the separate criminal offenses stated, to wit: — 6, it appears that each of the four rules has application.
As contained in the statute the rules are stated as follows:
“ 2. Two offenses are ‘ joinable ’ when:
“ (a) They are based upon the same act or upon the same criminal transaction, as that term is defined in subdivision two of section 40.10; or
“(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the. first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or
“(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law; or
“ (d) Though not directly joinable with each other pursuant to paragraph (a), (b) or (c), each is so joinable with a third offense contained in the indictment. In such case, each of the three offenses may properly be joined not only with each of the other two but also with any further offense joinable with either of the other two, and the chain of joinder may be further extended accordingly ”. (CPL 200.20, subd. 2.)
Here, the indictment contains 29 counts of official misconduct. These are properly joined because they are “ offenses * * * defined by the same * * * statutory provisions and consequently are the same * * * inlaw”. (CPL 200.20, subd. 2, par. [c].) For the same reason the 29 counts of unlawful imprisonment are properly joined each with the other. This *128 is equally true of the 16 counts of endangering the welfare of a child and the 8 counts of criminal possession of a forged instrument and the 2 counts of forgery. The single act of assault in the third degree stands as a sixth separate grouping. Clearly there exist six proper groupings or jointures by identity of offense in the indictment.
Consideration of the jointure of these six groupings made by identity of offense is in order. Three of the six groupings, to wit: a grouping consisting of the offenses of official misconduct, unlawful imprisonment and endangering the welfare of a child are properly joined into a further grouping since restraint is alleged in all charges of these three offenses and the evidence of restraint is common to each of these offenses. (CPL 200.20, subd. 2, par. [b].) Further support for this grouping is found in the fact that 16 of the 29 counts of unlawful imprisonment allege facts relating to the unlawful imprisonment of a child. The 16 counts of endangering the welfare of a child allege facts dealing with the same children and are based upon “ the same act ’ ’ and upon the same criminal transaction ’ which give rise to the charge of unlawful imprisonment. Consequently, these 16 counts of unlawful imprisonment are properly joined with the 16 counts of endangering the welfare of a child under CPL 200.20 (subd. 2, par. [a].) The remaining 18 counts of unlawful imprisonment properly joined with the other 16 counts of unlawful imprisonment in that they charge the same offense, are joinable with the counts of endangering the welfare of a child under the provisions of CPL 200.20 (subd. 2, par. [d]).
Two more of the six groupings made by identity of offense, to wit: the group consisting of 8 counts of criminal possession of a forged instrument and the group consisting of the 2 counts of forgery are also properly joined for the reason that the instrument alleged in one count of criminal possession of a forged instrument is the same instrument alleged to have been forged by the defendant. (See Counts 20 and 21). These offenses then are based upon the same criminal transaction within the meaning of CPL 200.20 (subd. 2, par. [a]). The remaining 7 counts of possession of a forged instrument are joinable with the forgery counts under the provision of CPL 200.20 (subd. 2, par. [d]).
Consideration is now given to the further jointure of that group of offenses consisting of charges of official misconduct, unlawful imprisonment and endangering the welfare of a child and the other grouping consisting of charges of criminal possession of a forged instrument and forgery. This further jointure *129 requires a relationship between one or more offense in one group with one or more of those in the other group. Examination of the indictment discloses that on November 19,1973 the defendant is charged with criminal possession of a forged instrument (Count 21); on the same date he is charged with the further offense of unlawful imprisonment of a named woman and with official misconduct in reference to the same named woman (see Counts 18 and 67). Similarly on April 3, 1974 the defendant is again charged with criminal possession of a forged instrument, unlawful imprisonment and official misconduct (see Counts 56, 55 and 85 respectively); on November 27, 1973 (see Counts 23, 69, 70, 22); on December 4, 1973 (see Counts 28, 24, 71); on December 28, 1973 (see Counts 33, 30, 75); on January 29, 1974 (see Counts 51, 52, 34, 77); on March 29,1974 (Counts 54, 40, 50), the defendant is charged on the same day with the commission of the same three crimes.
While as the defendant asserts, it is true that the indictment does not contain any allegation linking the events of one day with those of another, the court finds it equally true that the offenses committed on each of those referenced dates are based upon the same criminal transaction as that term is defined by statute.
“ 2. ‘ Criminal transaction ’ means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture ”. (CPL 40.10, subd. 2.)
Since there is an appropriate interrelationship between the charges of criminal possession of a forged instrument in the one grouping with the charges of unlawful imprisonment and official misconduct in the other, there is then a proper merger of the group charges consisting of official misconduct, unlawful imprisonment, endangering the welfare of a child with the group charges of criminal possession of a forged instrument and forgery.
The sole count of assault in the third degree set forth in Count 29 properly joins the combined group by virtue of the provisions of CPL 200.20 (subd. 2, par. [a]) since the count of assault and the count of unlawful imprisonment set forth in Count 27 are based upon the same criminal transaction.
With but one possible exception, the court finds a proper joinder of counts in the indictment.
The possible exception noted relates to Counts 5 and 57, each of which charges the defendant with the offense of unlawful *130 imprisonment. These counts as drafted are identical in language, each charging the defendant with the unlawful imprisonment of a certain named female ‘ ‘ in the Village of Wellsville * * * on or about the 30th day of July, 1973 ”. Only a bill of particulars indicating the time of the commission of these two offenses can resolve the question of whether one or two separate offenses are alleged to have been committed on the stated date. This court by separate order has directed that a bill of particulars contain such specification of time. In the event that such bill of particulars indicates that only one offense of unlawful imprisonment was allegedly committed on the subject female on July 20, 1973, there is reserved to the defendant the right by appropriate motion to move to dismiss one of such counts.
The motion of the defendant for dismissal of the indictment and counts therein is denied.