■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DUPREE, Also Known as MICHAEL MCDONALD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered November 7, 1980, convicting him of possession of burglar's tools, attempted criminal trespass in the second degree and attempted petit larceny, upon a jury verdict and imposing sentence. Judgment modified, on the law, by reversing the conviction of attempted petit larceny, said count of the indictment dismissed and all sentences imposed vacated. As so modified, judgment affirmed and matter remitted to the Supreme Court, Kings County, for resentencing. On March 8, 1980 the complainant was alone in her fifth-floor apartment when she heard a knock at her door. She did not answer as she was undressed at the time and was not expecting any company. After hearing a noise, she approached the door and observed that someone was at her door and was trying to gain entry. She then called the police, heard children in the hall and heard whoever was at the door walk away. Subsequently, the appellant and a codefendant were arrested on the second floor of the apartment building. Upon patting down the codefendant, a loaded revolver was recovered and a search of the appellant yielded a key with which the arresting officer was able to unlock one of the locks on the complainant's apartment door. At trial, nine-year-old twin sisters identified the appellant and the codefendant as the two men who had been at the complainant's door and both testified that appellant had asked if they knew a "Venessa Williams". One of the girls identified the appellant as the man who put the key in complainant's door. The arresting officer testified that when he approached the appellant and codefendant on the second floor they were standing in front of an apartment occupied by a woman who identified herself as Mrs. Henderson, that he had been told by one of the men that they were visiting a friend by the name of Williams, and that no effort was made to ascertain whether a Venessa Williams lived in the building. The jury

found the appellant guilty of possession of burglar's tools, attempted criminal trespass in the second degree and attempted petit larceny. He was sentenced to concurrent terms of imprisonment. At sentencing the appellant requested that the sentences imposed run concurrent with the approximately nine months he owed on parole. The trial court declined, stating that such was not within its power to do. While it is clear that the People proved beyond a reasonable doubt appellant's guilt of attempted criminal trespass in the second degree and possession of burglar's tools, there is no basis in the record before this court for the attempted petit larceny conviction. The Court of Appeals stated in *People v Bracey* (41 NY2d 296, 300-301, mots for rearg or reconsideration den 41 NY2d 1010) that in order to sustain a conviction for an attempt "it must first be established that the defendant acted with a specific intent; that is that he intended to commit a specific crime (see, e.g., *People v Kane,* 161 NY 380). 'It is not enough to show that the defendant intended to do some unspecified criminal act' (La Fave & Scott, Criminal Law, § 59, p 429) * * * The question then is whether the jury, considering the act and all the surrounding circumstances, could conclude that there was no reasonable doubt that [the appellant acted with an intent to commit petit larceny]" (see, also, *People v Castillo,* 47 NY2d 270). In *People v Bracey (supra,* p 297), the evidence adduced at trial established that the two defendants entered a stationery store and " 'looked around' ". One defendant then bought two cents' worth of candy and the two defendants left. After leaving the store and disappearing up the street, the two defendants " 'came back again' " (p 297), turned around and went back up the street toward a green Pontiac which had no license plate. One defendant entered the car, handed the other defendant a white canvas shoulder bag, drove off, made a U-turn in front of the store and parked nearby while the other defendant approached the store with the white canvas bag. Just as the defendant with the canvas bag was entering the store, the police, who had been called in the meantime, arrived. The canvas bag was searched and a loaded pellet pistol which resembled a .38 caliber revolver was recovered. Defendants appealed after being convicted of attempted robbery and argued that since one defendant's entry into the store with the gun was equally consistent with an intent to assault or menace, it could not be said that the intent to commit robbery had been established beyond a reasonable doubt. This argument was rejected by the Court of Appeals on the basis that the store owner's testimony, that he had no previous contact with either of the defendants and had done nothing which could provoke an assault, discounted the possibility that the defendants intended a personal assault or menace and, further, that under the circumstances the jury would have to resort to sheer speculation to find such intent. In the case at bar, however, there were no circumstances which discounted any of the numerous inferences with respect to the intentions of the appellant at the time of the attempted entry and the jury would have had to resort to sheer speculation to find that the appellant intended to commit petit larceny. Therefore, the attempted petit larceny conviction must be reversed. Subdivision 1 of section 70.25 of the Penal Law provides that "when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs". Clearly, the trial court was under the mistaken notion that it had no authority to impose a concurrent term with respect to the appellant's time owed on parole when, in fact, it did have such authority. In view of this fact and the reversal of the conviction for attempted petit larceny, the case is remitted to the trial court for resentencing. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.